## JOSEPH WANKE V. JOHN FOIT.

### No. 7109.

1. **Purchase of University Lands—Terms.**—Under the Act of 1874, providing among other things that at the time of application to purchase University lands the purchaser shall "forward one-tenth of the assessed value of the tract to the Treasurer of the State and make to the surveyor his obligation in writing payable to the Treasurer of the State for the balance of the assessed value of the land, stipulating and

agreeing therein to pay 10 per cent interest on said amount annually with one tenth of the principal for ten years, which interest with one-tenth of the principal shall be due and payable on the first day of March of each year," etc., it was essential to the contract of purchase that the cash payment be made by the applicant to purchase.

2.  **Relief Act of Legislature.**—Act of March 6, 1875, providing "that settlers on any of the University lands lying within the counties of McLennan and Hill and conflicting with the grant in the name of Joachin Moreno shall not be compelled to pay the amounts due on said lands until the suit pending in behalf of said grant shall have been decided and title to the said land settled." This act only extended to the deferred payments and did not act prospectively so as to permit future applicants to become purchasers without making any payment whatever for the land.

3.  **Form of Judgment.**—In an action of trespass to try title to forty-five acres of land "in the southeast corner of quarter section No. 4, in section No. 38, of the University lands in McLennan County," the petition set out the boundary lines. The verdict was for the defendant. The judgment entered was "that the plaintiff take nothing by his suit in this behalf, which is brought for the recovery of forty-five acres of land in the southeast corner of section No. 38 of the University lands in McLennan County." This reference to the description of the land contains nothing prejudicial to the appellant. The matter if improper should have been urged in the motion for new trial or otherwise brought to the notice of the trial court.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The opinion states the case.

*C. L. Samuels*, for appellant.

*Herring & Kelley*, for appellee.—The court did not err in ordering the jury to find a verdict for the defendant.

It was useless to submit charges to the jury. It would have been the duty of the court to grant a new trial upon any verdict that the jury might have found in favor of appellant under any charges that could have been legally submitted under the evidence.

The facts proved failed to show that appellant (or his vendor) had ever taken the necessary steps to invest him with title to the property, such as was necessary under the law to sustain an action of trespass to try title. Acts 1876, chap. 69, p. 75; Ramsey v. Medlin, 55 Texas, 248; Snyder v. Nunn, 66 Texas, 255; Acts 1875, chap. 51, p. 65; Acts 1879, Joint Resolution No. 5, p. 187; Acts 1881, chap. 73, p. 76; Acts 1874, chap. 73, sec. 13, p. 76.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover the south quarter of quarter section 4 of section 38 of land belonging to the State University lying in McLennan County.

The record shows that the land in controversy conflicts with the Joachin Moreno grant and that plaintiff claims it under one E. L. Jarratt.

The evidence shows that on the 11th day of March, 1880, said Jarratt made his application to purchase said land; that he paid the county

surveyor the fee allowed him by law; that he executed an obligation for nine-tenths of the purchase money in compliance with the terms of the law, but he did not then nor afterward make the cash payment required and never paid his obligation or any part thereof.

In July, 1886, appellant, after his purchase from Jarratt, tendered to the State Treasurer the amount of the first or cash payment for the land, which the Treasurer refused to receive.

The Act of 1874, under which Jarratt's application to purchase was made, among other things required that an applicant to purchase should "at the time of such application to purchase forward one-tenth of the assessed value of the tract to the Treasurer of the State and make to the surveyor his obligation in writing payable to the Treasurer of the State for the balance of the assessed value of the land, stipulating and agreeing therein to pay 10 per cent interest on said amount annually with one-tenth of the principal for ten years, which interest with one-tenth of the principal shall be due and payable on the first day of March of each year," etc.

It is contended that appellant's vendor failed in a number of respects to comply with the requirements of the law, and therefore never acquired any right to the land. As it is not contended that he ever made the cash payment demanded by the law we deem it unnecessary to consider other questions, as without that he was not a purchaser and can not maintain his suit.

It is contended that appellant is entitled to relief under the Act of March 6, 1875, which provides "that the settlers on any of the University lands lying within the counties of McLennan and Hill and conflicting with the grant in the name of Joachin Moreno shall not be compelled to pay the amounts due on said land until the suit pending in behalf of said grant shall have been decided and title to said land settled."

We think that the relief given by this act included only the deferred or credit payments, and that it did not act prospectively so as to permit future applicants to become purchasers without making any payment whatever for the land.

The failure of Jarratt to comply with the law could not be and was not relieved by the offer of appellant six years afterward to make the required payment. The Treasurer very properly declined to receive the money from him or to treat him as a purchaser.

Upon the verdict of a jury for the defendant the court entered a judgment "that the plaintiff Joseph Wanke take nothing by his suit in this behalf, which is brought for the recovery of forty-five acres of land in the southeast corner of quarter section No. 4, in section No. 38, of the University lands in McLennan County, Texas."

It is not evident to us that the reference to the description of the land contains anything to prejudice the appellant. When it is read in

connection with other parts of the record we do not think that it does. No reference to the objection was made in the motion for a new trial. If it was deemed material it should have been called to the attention of the court below.

The judgment is affirmed.

*Affirmed.*

Delivered April 28, 1891.