HOUSTON OIL CO. OF TEXAS v. DAVIS.

(Court of Civil Appeals of Texas. Galveston. Feb. 11, 1913.)

1. COURTS (§ 170*)—JURISDICTION—PLEADING—AMOUNT INVOLVED.

Where a petition alleged that defendant cut and removed timber from plaintiff's land of the value of $5 per thousand feet, amounting to $384.99, and caused such timber to be mingled and confused with other timber of his own aggregating 200,000 feet, and asked judgment for the title and possession of the 200,000 feet, or if not entitled thereto to that taken from plaintiff's land, but did not allege the value of defendant's timber with which plaintiff's was mingled, a plea to the county court's jurisdiction, on the ground that the petition showed on its face that the value of the property exceeded $1,000, should not have been sustained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

2. COURTS (§ 39*)—PLEAS IN ABATEMENT—HEARING AND DETERMINATION.

Where a petition, in an action to recover the title and possession of logs, did not show on its face that their value exceeded $1,000, a plea to the county court's jurisdiction, alleging that plaintiff had alleged the value of the property at less than that sum for the purpose of conferring jurisdiction on the court, should not have been sustained without hearing evidence in its support, since it merely raised an issue which should have been determined on proof.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 152–156; Dec. Dig. § 39.*]

3. INJUNCTION (§ 136*)—TEMPORARY INJUNCTION—GROUNDS.

In an action for cutting and removing timber from plaintiff's land and mingling and confusing it with defendant's own timber, where it was shown that defendant was threatening to, and unless restrained would, remove the property from the county and dispose of it, that he was insolvent, and irresponsible, and that unless defendant was restrained from removing the logs, plaintiff would lose their value, plaintiff was entitled to a temporary injunction, against the removal and disposal of the logs, pending the action under Sayles' Ann. Civ. St. 1897, art. 2989, subd. 3, as amended by Acts 31st Leg. 1st Ex. Sess. c. 34, authorizing the issuance of injunctions, where irreparable injury to personal property is threatened, irrespective of any legal remedy at law, and was not confined to the remedy by sequestration or attachment.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

4. COURTS (§ 163*)—JURISDICTION—ACTIONS INVOLVING REALTY.

An action to recover the title and possession of timber cut and removed from plaintiff's land, in which the petition merely described the land to show ownership of the timber, was within the jurisdiction of the county court, not involving the title to land or a trespass thereon, since logs become personalty when severed from the soil, especially where the owner of the soil recognizes them as such and sues for their recovery or for their value.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411; Dec. Dig. § 163.*]

5. INJUNCTION (§ 145*)—TEMPORARY INJUNCTION—AFFIDAVIT—SUFFICIENCY.

Where the petition for a temporary injunction stated the matters alleged positively, and not on information and belief, a supporting affidavit that the allegations as to facts were true, "and that the allegations in said petition based on knowledge and belief were true to the best of affiant's knowledge and belief," was sufficient; the quoted portion being surplusage which might be disregarded.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 318, 321; Dec. Dig. § 145.*]

Appeal from Newton County Court; G. C. Colson, Judge.

Action by the Houston Oil Company of Texas against Henry Davis. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for appellant.

McMEANS, J. The Houston Oil Company of Texas brought this suit against Henry Davis to recover certain pine and hardwood logs alleged to have been cut and removed by defendant from a tract of land owned by plaintiff and stacked on the bank of the Sabine river, and, by an allegation that the defendant, for the purpose of preventing identification of said logs, had wrongfully and willfully mixed and intermingled the same with logs belonging to him, sought to recover, not only the logs that had been taken from its land, but also those with which they had been so intermingled. It also, under an allegation that the defendant was insolvent and irresponsible, sought and obtained a temporary writ of injunction restraining the defendant from removing or disposing of the logs, or any of them, during the pendency of the suit. Defendant filed a plea in abatement of plaintiff's suit, the first ground of which is that the court was without jurisdiction to hear and determine the case, because it appeared from the plaintiff's petition that the matter in controversy, exclusive of interest, amounts in value to more than $1,000, and the second ground is that the value of the property in controversy exceeds $1,000, and that plaintiff had falsely and fraudulently tried to allege the value of same as being less than $1,000 for the sole purpose of conferring jurisdiction on the county court. The court sustained both grounds of the plea without hearing evidence upon either, and dismissed plaintiff's suit, and from the judgment of dismissal plaintiff has appealed.

Appellant by its first assignment of error assails the action of the court in sustaining the first ground of defendant's plea in abatement.

The material allegations in plaintiff's petition are as follows: "And for its cause of action herein plaintiff alleges that heretofore, to wit, at divers times between the 1st day of January, A. D. 1910, and the 25th day of November, A. D. 1910, said Henry Davis, his agents, servants, and employés, knowingly, willfully, and with the wrongful and malicious intention of invading the rights of this plaintiff, did cut down, remove, and carry away from a certain tract of land belonging to this plaintiff said tract of land lying and being situated in Newton county, Tex., certain pine and hardwood timber, consisting of 713 logs of pine timber, aggregating 73,219 feet of the value to this plaintiff of $5 per thousand feet, or of the total value to this plaintiff of $336.10, and 64 hardwood logs, aggregating 3,778 feet, of the value to this plaintiff of $5 per thousand feet, or of the total value to this plaintiff of $18.89. [Next follows a description of the land from which the timber was alleged to have been cut.] Plaintiff alleges that at the different times between said January 1, 1910, and November 25, 1910, said Henry Davis, his agents, servants, and employés wrongfully and willfully cut and removed said timber as aforesaid, and caused said timber so cut and removed to be mixed, mingled, and confused with certain other timber belonging to the said Henry Davis. Plaintiff alleges that the timber cut from its land aforesaid and the timber above referred to, the property of said Henry Davis, aggregating as much as 200,000 feet of timber, is stacked on the bank of the Sabine river in Newton county, at a point on said river know as Old Belgrade. This plaintiff alleges that said timber cut from its lands was confused and mixed by said Henry Davis with timber belonging to him willfully, and for the purpose of preventing this plaintiff from identifying, following up, and recovering its said timber. Plaintiff alleges that, by reason of the wrongful and willful acts of said Henry Davis, his agents, servants, and employés, as aforesaid, in mixing and confusing the timber of this plaintiff with that of the said Henry Davis, it is impossible for this plaintiff to identify the timbers cut from its land aforesaid, and to separate and segregate its said timber from timber belonging to the said Henry Davis with which it has been intermingled, and that this result has been occasioned by the willful and intentional conduct of the said defendant herein in so mingling and confusing said timber. Plaintiff represents unto the court that, by reason of the premises and the conduct of the defendant herein, as aforesaid, it is entitled to recover from said defendant the whole of said 200,000 feet of timber, more or less, lying on the banks of the Sabine river at the point known as Old Belgrade, and consisting of the timber which has been cut from the lands of this plaintiff, as aforesaid, and the timber belonging to the defendant, Henry Davis. Plaintiff avers that it has repeatedly requested said Henry Davis to turn over to its agents its said timber, or in the alternative to pay it the value of said timber, as hereinbefore alleged; but, although often requested, said defendant has refused either to return said timber to this plaintiff or to pay said plaintiff the value thereof, to the damage of your petitioner in the sum of $384.99, with 6 per cent. interest thereon from January 1, 1910. Plaintiff further represents that in the event it is mistaken, or in the event it should be decided by this honorable court that it is not entitled to the whole of said timber stacked on the bank of the Sabine river at a point known as Old Belgrade, aggregating 200,000 feet, more or less, that it is entitled to the portion thereof which was cut from the land of this plaintiff as aforesaid, and that in any event this plaintiff fears that said defendant will remove said timber out of the limits of Newton county during the pendency of this suit, and that, in further-

ance of his purpose so to do the defendant has caused said property to be piled on the bank of the Sabine river, to be floated down said river, and disposed of by said defendant at Orange, Tex., or some other place, to persons unknown to this plaintiff. Plaintiff further alleges that said defendant, Henry Davis, is an insolvent negro, without financial responsibility, and that, if said defendant removes said logs out of Newton county, Tex., as he has threatened and proposes and intends to do, your petitioner will be irreparably damaged, to the extent of the value of said logs, and will be without, and is now without, an adequate remedy to protect its rights in the premises. Wherefore, premises considered, plaintiff prays judgment against defendant, Henry Davis, for the title and possession of the 200,000 feet of pine and hardwood timber hereinbefore described, consisting of timber cut from the lands of this plaintiff, and of the timber belonging to the said Henry Davis, piled on the bank of the Sabine river, at the point known as Old Belgrade, and in the possession of said defendant, and, in the event it should be held that plaintiff is not entitled to the entirety of said 200,000 feet of said timber, plaintiff prays that it have judgment against said Henry Davis for the title and possession of the said 713 logs of pine timber, aggregating 73,219 feet, and 64 hardwood logs, aggregating 3,778 feet, or a total of 76,997 feet of pine and hardwood timber. Plaintiff further prays that this honorable court do forthwith issue its writ of injunction, directed to the sheriff or any constable of Newton county, Tex., restraining said defendant, Henry Davis, his agents, servants, or employés from carrying away or removing said 200,000 feet of timber, more or less, or any part of it, heretofore referred to, and piled on the banks of the Sabine river at Old Belgrade, until the further order of the court, and until such time as this plaintiff shall have had its timber segregated and removed from said 200,000 feet, more or less, and returned to its possession and control."

[1] It will be observed from the above-quoted petition that plaintiff alleges the value of the logs taken from its land to be $5 per thousand feet, the aggregate value of all said logs calculated on this basis being $384.99. It is alleged that the defendant had mixed these logs with logs of his own, and that all the logs together aggregate 200,000 feet. There is no specific allegation that the logs belonging to defendant are of the value of $5 per thousand feet, nor are there any allegations that they exceed such value; hence the petition did not show on its face that the value of the 200,000 feet of logs sued for exceeded the jurisdiction of the county court. We think therefore that the court incorrectly held, by sustaining the plea, that the petition affirmatively shows that the amount in controversy exceeded $1,000, and was therefore beyond the jurisdiction of

the county court. An exception to the petition upon the ground that the value of all the logs was not shown would, no doubt, have been sustained, and we think correctly so. Appellant's first assignment of error is sustained.

[2] Appellant's second and third assignments complain of the action of the court in sustaining the second ground of defendant's plea in abatement, which is, in effect, that the logs in controversy exceed $1,000 in value, and that the plaintiff had fraudulently tried to allege the value thereof at less than said sum for the sole purpose of conferring jurisdiction upon the county court. As before stated, there was no evidence offered in support of this plea; nevertheless it was sustained by the court, and in this the court committed error. The plea above referred to only raised an issue in the case which should have been determined upon proof, as any other fact in issue. The following authorities are conclusive upon this point: Tidball v. Eichoff, 66 Tex. 58, 17 S. W. 263; Roper v. Brady, 80 Tex. 591, 16 S. W. 434; Railway v. Nicholson, 61 Tex. 552; Dwyer v. Bassett, 63 Tex. 276; McDannell v. Cherry, 64 Tex. 177.

In addition to sustaining the pleas in abatement the court also sustained defendant's motion to dissolve the temporary injunction theretofore issued, restraining defendant from moving or disposing of the logs during the pendency of the suit. The motion consisted of several grounds, each of which was presented in the nature of an exception, and each was sustained. The first ground of the motion is: "This is a suit for the recovery of personal property, and the plaintiff has a legal remedy at law, and is not entitled to the relief sought and prayed for in his petition." The sustaining of this ground is made the basis of appellant's fifth assignment of error.

[3] The court evidently proceeded upon the theory that plaintiff was confined to a levy upon the property by sequestration or attachment, and that because the property is personal property under no conditions could the court properly grant injunctive relief. Be that as it may, we are of the opinion that under the allegations of the petition the plaintiff was entitled to the injunction prayed for, even if it had an adequate remedy at law. The petition charged that the defendant wantonly, willfully, and with the intention of preventing plaintiff from identifying its own property, mingled and confused the same with his own, and, further, that the defendant was threatening to, and would unless restrained, move all of said property out of Newton county, and dispose of it to persons to plaintiff unknown, and further, that defendant was insolvent and irresponsible, and that unless he was restrained from moving the logs, plaintiff would lose the entire value thereof. Subdivision 3 of article 2989, Sayles' Civil Statutes, as amended by the

Thirty-First Legislature, authorizes the issuance of injunctions, in cases where irreparable injury to personal property is threatened, "irrespective of any legal remedy at law." Even before the adoption of the amendment to article 2989, our courts had ceased to apply the strict rule that relief by injunction should be denied where the applicant had an adequate legal remedy. In fact some of the more recent decisions of this state go far toward holding that in cases where the statute prescribes the grounds upon which an injunction may be granted, the right to such relief becomes a legal right, and does not depend on equitable principles. Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82; Chancey v. Allison, 48 Tex. Civ. App. 441, 107 S. W. 605; Buchanan v. Wilburn, 105 S. W. 841. We think the statute referred to authorized the issuance of the injunction under the allegations of the petition, and the court erred in sustaining the exception above quoted.

[4] The second and third grounds or exceptions urged by defendant are as follows: "(2) Because the plaintiff alleges in his petition that it is the owner of the land described in its petition, and this court is without jurisdiction to pass upon title to land. (3) Because this is a case of trespass upon property, and plaintiff has a legal remedy, if any remedy at all, therefor, and this court is without jurisdiction to hear and determine this cause." The allegations of the petition showing that appellant was suing for logs already severed from the soil, and merely describing the land as a means of showing its ownership of the logs, and the suit not involving in any way the title to the land or a trespass thereto, but only to the logs as personal property, the exceptions were not well taken. That the logs became personalty upon being severed in the circumstances charged in the petition admits of no doubt. Especially is this true when the owner of the soil from which they are taken recognizes them as such, and sued for the recovery of them or for their value. Even standing trees which have been mortgaged, and which by the terms of the mortgage are to be cut and removed from the land, are considered, as between the mortgagor and mortgagee, personal property. Boykin v. Rosenfield, 69 Tex. 115, 9 S. W. 318; Montgomery v. Peach River Lumber Co., 54 Tex. Civ. App. 143, 117 S. W. 1061; Yoakum v. Davis, 162 Mo. App. 253, 144 S. W. 877. We think the court erred in sustaining the exceptions, and appellant's assignment raising the point is sustained.

[5] We also think the court erred in sustaining the exception of defendant to the effect that the supporting affidavit to the petition for injunction is wholly insufficient to authorize the court to grant the injunction. The affidavit of McMahon, who was shown to be an agent of plaintiff, and authorized to make the affidavit, is: "That the allegations in said petition as to facts are true, and that the allegations in said petition based upon knowledge and belief are true to the best of affiant's knowledge and belief." We do not think this case is like that of Pullen v. Baker, 41 Tex. 419. We quote from the syllabus, which correctly states the decision in that case: "An injunction granted on petition, verified by oath of an attorney 'That the statements in the petition are true when made upon his own knowledge, and when made upon information of others he believes them to be true,' and in which it does not appear that any of the statements were made upon the knowledge of affiant or upon information of others, should be dissolved on account of want of sufficient affidavit to the truth of the petition." The statute requires the affidavit to state that the allegations of the petition are true. A reading of the petition hereinbefore copied will demonstrate that the allegations are positive and made as a matter of fact, and in no instance is an allegation made upon information and belief. The petition states what the defendant has done, is doing, and is threatening to do. It does not allege that plaintiff is informed, and no such information charges such acts on the part of the defendant. The statement in the affidavit that "the allegations in said petition as to facts are true," and all the allegations being directly alleged as facts, and none of them being based on information or belief, the latter clause in the affidavit is mere surplusage, and may be disregarded.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.