337, 338, and notes; Cook v. Grange, 18 Ohio, 526; Brown v. Wood, 121 Mass. 137; Maynard v. Vinton, 59 Mich. 139 [26 N. W. 401, 60 Am. Rep. 276]; Jacobs v. Hesler, 113 Mass. 157; Hitchcock v. Moore, 70 Mich. 112 [37 N. W. 914, 14 Am. St. Rep. 474]; Smith v. Potter, 27 Vt. 304 [65 Am. Dec. 198]; Brock v. Brock [116 Pa. 109], 9 Atl. 486. The above list of cases is cited in Gant's Case, supra."

It is contended by appellant in his bill of exceptions that state's counsel's argument was harmful, prejudicial, inflammatory, and clearly inadmissible from any standpoint. We agree with his contention.

For the reasons indicated, the motion for rehearing is granted, the affirmance set aside, and the judgment reversed, and the cause remanded.

MORROW, J., concurs.

PRENDERGAST, J. I respectfully protest and dissent. The original opinion by the whole court at the time is unquestionably correct. The motion should be overruled, and the judgment affirmed; it should not be reversed.

———

.CRAWFORD et al. v. EL PASO LAND IM-
PROVEMENT CO. (No. 668.)

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1917.)

INJUNCTION ☞136(2) — TEMPORARY INJUNC-
TION—ALLOWANCE.
Where the title to land on which improvements had been placed was in controversy, and a suit was pending, it was proper to enjoin appellants from removing or destroying any of the improvements until final determination of the suit.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 306.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action between the El Paso Land Improvement Company and L. M. Crawford, trustee, and others. From a decree temporarily enjoining the latter, they appeal. Affirmed.

. Jones, Jones, Hardie & Grambling, of El Paso, for appellants. T. A. Falvey and J. F. Woodson, both of El Paso, for appellee.

HIGGINS, J. Appellant Crawford is the owner of a part of block 2 in city of El Paso, upon which is situate the Crawford Theater. Adjoining the same is property owned by appellee, upon which is situate the Angelus Hotel. The improvements adjoin each other. Litigation between the parties has arisen involving the title and right of possession to a part of the realty upon which a part of the improvements is situate. At the instance of appellee, the court has granted a temporary injunction restraining appellants from removing or tearing down any of the improvements upon the premises in dis-

pute, and from interfering therewith, altering, or destroying the same or any portion thereof until the final determination of the cause. From this order, the parties enjoined prosecute this appeal. Upon an examination of the appellee's petition and the evidence adduced upon the hearing, we think the court properly granted an injunction as stated. The title to the land upon which a part of the improvements is situate, being in dispute, a temporary injunction was very properly granted to restrain any interference with or removal of the improvements until the issue of title could be finally adjudicated so as to preserve the status quo. We have considered the brief filed by appellants, and are of opinion it shows no reason why the action of the lower court should be set aside. The propositions presented are outside of any issue involved on this appeal. They relate to the merits of the right of recovery, and it would be improper to pass upon same in advance of the determination upon its merits of the issue of title. They have no proper place in determining the propriety of an order to maintain the status quo.

Affirmed.