SIMPSON et al. v. McGUIRK.  (No. 7873.)

(Court of Civil Appeals of Texas. Dallas. May 5, 1917.)

1. INJUNCTION ☞26(5)—RESTRAINING CIVIL ACTIONS—SUCCESSIVE ACTIONS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizes injunctions when the applicant is entitled thereto under the principles of equity, where he is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to him, or where, pending litigation, it appears that a party is doing some act respecting the subject of litigation, or threatens, or is about to do, some act in violation of the applicant's rights, which would tend to render the judgment ineffectual. In an action by S. against M. to recover land, M. gave a replevin bond and retained possession. Thereafter, as alleged by M., S. and others, including a lessee of S., conspired to harass and annoy M. by bringing another suit in justice court and otherwise. Held that, notwithstanding the general rule that the district court is without power to enjoin a justice court from proceeding within its jurisdiction, an injunction was properly granted enjoining S. and his co-conspirators from maintaining such suit, or otherwise interfering with M.'s possession of the premises.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 32, 33.]

2. INJUNCTION ☞145 — SUITS FOR INJUNCTION—PLEADING—VERIFICATION.

The verification of a petition for a temporary injunction, stating that the facts alleged were true, except those stated on information and belief, and that the affiant believed those to be true, was sufficient, where all of the facts were alleged directly, and not on information and belief, as the statement as to the affiant's belief of the truth of the matters stated on information and belief might be disregarded as surplusage.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 318, 321.]

Appeal from District Court, Van Zandt County; J. R. Warren, Judge.

Suit by T. J. McGuirk against W. E. Simpson and others. From a judgment granting a temporary injunction, defendants appeal. Affirmed.

Gibbard & Tisdale, of Wills Point, for appellants. Wynne, Wynne & Gilmore, of Wills Point, for appellee.

TALBOT, J. The appellee, T. J. McGuirk, instituted this suit in the district court of Van Zandt county on the 15th day of February, 1917, to enjoin appellants, W. E. Simpson, Jim Wilson, Charlie Wilson, and A. L. Tisdale, from interfering by suit or otherwise with appellee's possession and rightful enjoyment of certain lands and improvements described in his petition until the hearing and determination of a suit filed by the appellant W. E. Simpson against the appellee on the 2d day of January, 1917, in said district court, to try the title and right of possession to said land and premises.

The allegations of the petition for the injunction herein prayed for are, in substance, that W. E. Simpson owns the land involved in the suit; that the appellant Jim Wilson is the said Simpson's agent in Van Zandt county to look after said land; that Charlie Wilson, one of the appellants, is the son of the said Jim Wilson; that for the last five years appellee has occupied as the tenant of the said Simpson the said land; that in August, 1906, appellee entered into a contract with the appellant Simpson whereby the said Simpson for a valuable consideration rented to appellee for the year 1917 said land; that under said rental contract appellee was in possession of said land and preparing to cul-

tivate it during the year 1917; that he had made valuable improvements on the land upon the faith of said rental contract, and intended to use and occupy it during the year 1917 under said contract; that after appellee had rented the land for the year 1917, and after it was too late to secure another place, the appellants W. E. Simpson, Jim Wilson, and Charlie Wilson came to appellee's home together, and notified appellee that he must vacate the land in question; that W. E. Simpson, the other appellants herein being present and acting with him, served a written notice upon appellee to give possession of the premises, at the time stating that he wanted Charlie Wilson to occupy it for the year 1917; that Charlie Wilson made no demand on appellee for the possession of the premises, but acquiesced in the notice served by W. E. Simpson, the owner of the land; that subsequent thereto, and after January 1, 1917, W. E. Simpson sued appellee in the district court of Van Zandt county for possession of the land, there being no question about the title thereto, and after he had sequestered the land, and appellee at great expense to himself had made a large replevin bond, entitling him to occupy the land and retain possession thereof during the pendency of the suit of W. E. Simpson v. T. J. McGuirk, fully and in all things protecting the plaintiff in the rents, hires, and revenues of the land; that after the execution of the bond, and the delivery back of the possession of the property to appellee by the sheriff of Van Zandt county, he at once continued to put the land in a state of cultivation, breaking it, plowing it, cleaning it up for his crop for 1917; that in February following one of the defendants, Charlie Wilson, served a written notice upon appellee to vacate the premises and to deliver the possession over to him, Charlie Wilson.

The petition further alleges that Jim Wilson is the general agent of W. E. Simpson in Van Zandt county, who owns a large body of land; that A. L. Tisdale is the lawyer representing W. E. Simpson and Jim Wilson; that Charlie Wilson is the son of Jim Wilson, and, after they failed to retain possession of the land under the suit of W. E. Simpson, Charlie Wilson entered into a conspiracy and agreement with W. E. Simpson, his father Jim Wilson, and A. L. Tisdale, in which they had agreed and conspired together to further harass and annoy appellee in the possession of his land by another suit and otherwise; that they had in pursuance of said conspiracy served a written notice upon him to vacate the premises, and that they were harassing and annoying him in his enjoyment and occupancy of the premises; that W. E. Simpson was the real plaintiff, that he was paying all the expenses and attorney's fees, and was simply prosecuting the second suit in the name of Charlie Wilson to harass and annoy your petitioner, or was threatening to prosecute the said suit.

The petition further charges that appellee had at large expense to himself made a replevin bond in the first suit of W. E. Simpson against him through a bonding company, paying $50 therefor, that the land that he occupied and involved in the suit was his homestead for the year 1917, and that if another suit was filed he would be unable to make another replevin bond to retain possession of the land, and that he would be ousted from possession of the same, together with his family, and that irreparable hurt and injury would be done him, if this course was permitted to be pursued.

The petition has attached to it all the papers in the said suit of W. E. Simpson against appellee. It also has attached the notices served on appellee for possession of the premises. There is no denial of the facts. The petition of the appellee for the injunction sought was presented to Hon. J. R. Warren, judge of the district court of Van Zandt county, who, in chambers and upon an ex parte hearing, directed, by his fiat indorsed upon the petition, the issuance of the temporary injunction as prayed for, upon the appellee filing bond in the sum of $100 conditioned as required by law. On the 15th day of February, 1917, the bond required was filed, and the writ of injunction thereafter issued. The appellants filed an appeal bond, and, within the time prescribed by statute, caused a transcript of the proceedings had in the case filed in this court.

The appellants have not attempted to comply with the rules respecting the briefing of cases on appeal, as they were not required to do so in this character of case, but, without assignments of error, have contented themselves with the statement of certain propositions for which they contend, the enforcement of which they say, in effect, requires a reversal of the judgment of the district court. These propositions are as follows:

(1) "An injunction so broad as to deny defendant in such order relief in all courts of the land should not be granted out of district courts, as it infringes on the jurisdiction of justice of the peace and county courts."

(2) "An injunction will not be granted to restrain a party from filing suit against plaintiff until a pending suit between plaintiff in injunction and a third party is decided, where the cause of action in the two proceedings are not the same."

(3) "An injunction will not be granted by district court to enjoin bringing an action of forcible entry and detainer in justice court."

(4) "Appellee, to entitle himself to the equitable interposition of the district court, must have shown such facts to have existed as would have prevented him from making his defense at law in any court in which appellants might bring an action against him."

(5) "Since the verification of plaintiff's original petition for the temporary writ of injunction is made upon the petition being read over to him, and that the facts set forth therein are true and correct, except those that are stated on information and belief, and those that are stated on information and belief are believed by affiant to be true."

[1] The general rule under our Constitution seems to be:

"That the district court is without power to enjoin a justice court from proceeding with the causes of action properly filed therein when said justice has jurisdiction of the parties, the subject-matter of the suits, the amount in controversy, and is proceeding in a lawful manner with the trial and disposition of the same."

And in Odom v. McMahan, 67 Tex. 292, 3 S. W. 286, it is expressly declared:

"That the district courts will not grant injunctions to correct errors of inferior courts, even where no appeal is allowed."

See Railway Co. v. Dowe, 70 Tex. 1, 6 S. W. 790.

By our present statute, however, it is not only provided that district courts of this state may issue injunctions in all cases where the applicant for such writ shows himself "entitled thereto under the principles of equity," but where it shall appear that he is "entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to" him, or "where, pending litigation, it shall be made to appear that a party is doing some act respecting the subject of litigation, or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual." Vernon's Civil Statutes, art. 4643; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Steger & Sons Piano Mfg. Co. v. MacMaster, 51 Tex. Civ. App. 527, 113 S. W. 337; Lumber Co. v. Railway Co., 178 S. W. 725.

Mr. Pomeroy, in the fourth volume of his work in Equity Jurisprudence (3d Ed.) § 1360, says:

"The use of injunctions to stay actions at law was almost coeval with the establishment of the chancery jurisdiction. Without this means of interference to protect the rights of its suitors, the court of chancery could never have established, extended, and enforced its own jurisdiction."

It is also a well-settled rule that a court of equity may take cognizance of a controversy, determine the rights of all the parties, and grant the relief required to meet the ends of justice in order to prevent a multiplicity of suits. 1 Pomeroy's Equity Jurisprudence, § 243 et seq. Under the foregoing provisions of our statute and well-established principles of equity, the district courts of this state, it occurs to us, have power to grant injunctions restraining any party or parties from entering into a combination and a conspiracy to harass and annoy a citizen in the possession of his property, and especially when that property is the homestead of himself and family, and to prevent them from filing a multiplicity of suits against him for the purpose of harassing and annoying him, and also to enjoin a party or parties from doing anything to interfere with his possession and enjoyment of the premises when the facts in the petition make it appear

that such interference will do him irreparable injury.

This, as shown by the record, is the purpose of this suit, and on the whole it can scarcely be doubted, we think, that the allegations of appellee's sworn petition, upon which alone the district judge acted, as hereinbefore shown, were sufficient to authorize at least the granting of the temporary injunction complained of by appellants. Certainly as against the appellant W. E. Simpson he was entitled to the injunction granted. The application of the appellee did not seek to restrain the appellants from prosecuting to final judgment a suit pending in the justice or other courts of the state, but for strong equitable reasons to enjoin appellants from instituting and prosecuting a threatened multiplicity of suits in pursuance of an alleged combination and conspiracy entered into between them to vex and harass appellee and to wrongfully and illegally deprive him and his family of the possession and enjoyment of their home, which would result in irreparable injury to them. The case is therefore clearly distinguishable from those cases cited by appellants in which the applicant sought to stay by injunction the prosecution of a then pending suit, and in which the facts disclosed that he had a clear, adequate remedy at law, which could be made available as a defense in the pending suit.

[2] The verification of the appellee's petition is sufficient, and appellant's fifth proposition will be overruled. The affidavit states that the facts set forth in the petition "are true and correct, except those that are stated on information and belief, and those that are stated on information and belief are believed by affiant to be true." All the allegations of the petition are directly alleged as facts, and none of them are based on information or belief. This being true, the language in the affidavit, "except those that are stated on information and belief, and those that are stated on information and belief are believed by affiant to be true," which follows the statement that the facts set forth in the petition are true, may be disregarded as surplusage. Houston Oil Co. v. Davis, 154 S. W. 337.

The judgment of the district court is affirmed.