SUTHERLAND et al. v. CITY OF WINNSBORO. (No. 8463.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1920.)

1. Appeal and error ⟐⟐954(1)—Injunction ⟐⟐135—Temporary injunction reviewable only if discretion is abused.

The granting or refusing of a temporary injunction is within the sound discretion of the district court, and that court's action is not reviewable on appeal, unless it clearly appears from the record that there has been an abuse of such discretion.

2. Municipal corporations ⟐⟐697(1)—Suit for injunction, begun by mayor and ratified by council, is authorized.

A suit, begun by the mayor of a city for an injunction to restrain the construction of a proposed warehouse encroaching on a street, which suit was thereafter approved and ordered prosecuted by the council at a called meeting, is sufficiently authorized by the city.

3. Municipal corporations ⟐⟐1030—May employ attorney other than city attorney to institute suit.

A city may, in its discretion, employ any available attorney to represent it before the courts, regardless of what duties may have been assigned to the city attorney.

4. Municipal corporations ⟐⟐1032—May ask injunction on same footing as private persons.

A municipal corporation can seek protection of the public rights by injunction in a court of equity on the same footing as private persons and corporations may seek redress.

5. Injunction ⟐⟐147—Proof need not be conclusive to authorize temporary injunction.

It is not necessary that the proof should establish with absolute certainty the impairment of a right to justify the court in granting a temporary injunction which merely maintains the status quo until the final hearing.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by the City of Winnsboro against J. E. Sutherland and others, to enjoin the construction of a proposed warehouse. From an order granting a temporary injunction as prayed for, the defendants appeal. Affirmed.

M. D. Carlock, of Winnsboro, for appellants.

R. B. Howell, of Winnsboro, for appellee.

HAMILTON, J. This is an action by the city of Winnsboro against appellants, to enjoin the alleged proposed construction of a warehouse by them in Broadway street in the city of Winnsboro.

Plaintiff presented its petition to Hon. J. R. Warren, district judge of Wood county, Tex., in chambers, alleging under oath of its mayor its corporate existence as a municipal corporation under the general laws of Texas relating to towns and cities of more than 1,000 inhabitants, alleging the location of Broadway street to be within its corporate limits, and that it is one of the principal thoroughfares through the city and 400 feet wide. It was alleged that the Missouri, Kansas & Texas Railway Company of Texas' tracks and switches traverse the street

lengthwise, the main track extending along or near the middle of the street. Allegations are made showing indiscriminate public use and recognition of the street for different kinds of traffic during a continuous period of many years, extending to the time of instituting the proceedings in this case. In addition to the sufficient allegation of facts of this nature constituting the street a public thoroughfare under the dominion of the appellee, allegations of dedication as a street both by the municipality and the original owners of the land are made. The undertaking of the construction of a warehouse so as to trespass upon and obstruct the street by appellants is fully pleaded. The petition prays for a temporary writ of injunction, as well as for a permanent injunction upon final hearing. Upon presentation of the petition to the district judge on April 19, 1920, he issued a temporary restraining writ, and entered an order setting the application for hearing on May 24, 1920, and requiring notice thereof to issue to the appellants.

Appellants filed an unverified answer, and, among other defenses unnecessary to detail, alleged that the suit was improperly instituted, because it was not expressly authorized by the city council prior to the filing of the suit, the city council having, in called session, on April 22, 1920, ratified the proceedings instituted, and authorized the mayor and alderman in charge of streets to proceed with the suit, etc., and also because the suit was not instituted by the city attorney, whose duty it was to bring such actions. They pleaded estoppel in connection with allegations that the appellee had permitted an ice and beer house to occupy the land, which appellants were about to use, for a period of 10 years, and also in connection with an allegation that the city had required the railway company to do certain paving over a space of 100 feet on each side of their track on another street, thereby disclaiming nearer than 100 feet of the track. They also pleaded ownership of one-half of the land in controversy, and alleged that T. F. Fortson and wife, Ruth Fortson, owned the other one-half. The Fortsons appeared by intervention, and sought to adopt the answer of appellants.

Upon the issues thus tendered by the respective pleadings a hearing was had on May 24, 1920. Documentary evidence and oral testimony were received. At the conclusion of the hearing the district judge granted the temporary writ of injunction as prayed for, and ordered that the cause stand for trial at the next regular term of the district court of Wood county. From this order appellants have appealed.

[1] The granting or refusing a temporary injunction is within the sound discretion of a district court and that court's action in the premises is not reviewable on appeal, unless it clearly appears from the record that there has been an abuse of such discretion. In this case the judge has manifestly moved with a commendable caution, which does not always characterize the course pursued by courts in similar circumstances to the extent required by law. He had notice given appellants, and permitted a thorough hearing on the facts. It is neither necessary nor proper, in passing upon his action in the light of the evidence, to discuss in detail the facts contained in the record, considering that the case is to be disposed of upon a final hearing in the trial court. We therefore rest upon the statement that the evidence was sufficient to sustain the order of the court.

[2] We are not able to perceive any soundness in appellants' contention that the suit was not authorized by any proper agency. In considering it we are required to assume as true the allegation that appellants were about to encroach upon a street. The case set forth in appellee's petition was of a nature which required immediate action. The mayor, the chief officer of the city, acting with the haste the situation stated in the petition seemed to demand, instituted the suit. The council, following this, met in called session, and not only ratified his action, but authorized him, in conjunction with the alderman having special supervision over the streets of the city, to take such further action as might be necessary to uphold in court the rights in the street asserted by appellee against appellants. Streets are maintained for the public, to which their constant use belongs and to which it ought to be kept available. It is important that the agents of the public use good faith and diligence to maintain public use of the streets against encroachments by private persons. They alone ordinarily possess the right and owe the duty to achieve that end. The council's right to resort to suit is not questioned. Their action was a sufficient authorization of the proceedings in the name of the city.

[3] Appellants' exception presenting the objection that the city attorney alone is authorized to file suits in the name of the city is without merit. We are unaware of any reason why the city of Winnsboro might not, in its discretion, select and employ any available attorney to represent it before the courts, regardless of whatever duties may have been assigned to the city attorney.

[4, 5] Municipal corporations are privileged to seek vindication of the public's rights by injunction in a court of equity on the same footing as that upon which private persons and corporations may seek redress. The petition in this case sets up a right, and alleges that an injury is about to occur. It was not necessary that the proof should establish with absolute certainty the impairment of such right to justify the court's

action in the exercise or his sound discretion. His order merely maintains the status quo, and leaves the parties in their respective original positions to make their full contentions upon a final hearing.

The judgment is affirmed.