The other contentions of appellant in his motion for rehearing have already been discussed by us, and we deem them without merit.

The motion for rehearing will be overruled.

---

**DAUGHERTY v. COOLEY et al. (No. 1275.)**

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1921.)

**1. Injunction ⬤⟿135—Denial of temporary injunction held within trial court's discretion.**

The denial of a temporary injunction to restrain the execution of a sheriff's deed, where no attack was made on the judgment, but it was contended the price was inadequate, and the answers under oath showed the property sold for its full value, which was insufficient to pay the debt, was within the discretion of the trial court.

**2. Husband and wife ⬤⟿272(3)—Incompetent wife has no interest subject to administration in community property during husband's lifetime.**

Since a husband has full control over the community estate during his lifetime, a wife, who is mentally incompetent, has no interest in such property, while her husband is living, which is subject to administration in the probate court.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by J. S. Daugherty, as receiver of the estate of Adelle Miller, a person of unsound mind, against Winchester Cooley and others, to restrain the execution of a sheriff's deed. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

L. A. Dale and S. Lattner, both of El Paso, for appellant.

J. U. Sweeney and W. M. Coldwell, both of El Paso, for appellees.

HARPER; C. J. This action was instituted by J. S. Daugherty, as receiver of the estate of Adelle Miller (a person of unsound mind), against Winchester Cooley, Frank G. Alderete, and Seth B. Orndorff, sheriff, for writ of injunction, to restrain said sheriff from executing deed to Alderete to lands, therein described, theretofore levied on under order of sale, issued out of the district court of El Paso county, pursuant to the provisions of a judgment in favor of said Cooley in cause No. 9062, styled Miller v. Guaranty Trust & Banking Company, in which suit Cooley intervened, and obtained judgment for his debt, with foreclosure of lien. An appeal was perfected. The facts are fully stated in 207 S. W. 642. The case was passed upon by the Supreme Court (228 S. W. 1085), and the judgment of the trial court affirmed. We refer to these opinions for a full statement of the issues involved.

Appellant alleged that said Adelle Miller, as the wife of Mark Miller, had an undivided community interest in the property, and that it was sold for an inadequate price. These allegations were denied under oath, and the court denied the temporary injunction, from which this appeal.

[1] The case was heard upon the petition and answer. There is no attack upon the judgment, nor the process; the allegation that the price bid is inadequate having been specifically denied under oath. The court did not err in refusing the writ, being within his sound discretion. Sutherland v. City of Winnsboro, 225 S. W. 63.

It conclusively appears from the answers of the defendants under oath that the property sold for its full value; therefore is not of sufficient value to settle the debt, the judgment and interest against Mark Miller, the husband; so that in no event could there be any residue for the county court to distribute.

[2] Again, the appellant does not assert any right for his ward as her separate estate, so it would seem that the husband has the full control over it, and the judgment in this case against him binds her for all purposes, and she has no interest subject to administration in the probate court during his lifetime. Carter v. Conner, 60 Tex. 52. Upon the face of the record before us, the court properly refused to issue the temporary writ.

Affirmed.