### MERRELL et al. v. MOORE et ux.
#### (No. 2083.)

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1927.

1. Mortgages ⬥338—Injunction properly issued to stay threatened sale under power in deed of trust until final trial and determination of amount due on note.

Where plaintiff gave note for repairs on house and secured payment thereof by deed of trust, and payee assigned note as collateral security for loan and after maturity property was advertised for sale by trustee under power, in suit to enjoin sale alleging a meritorious offset to note, injunction properly issued to stay threatened sale until final trial and determination of amount due.

2. Appeal and error ⬥954(4)—Injunction ⬥ 161—Action of trial court on motion to dissolve temporary injunction to stay threatened sale rests in discretion, which is not controlled unless abused.

Overruling motion to dissolve temporary injunction to stay threatened sale of property until final determination of amount properly due from plaintiffs rested in trial court's discretion, which is not reviewed unless abused.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by Landon C. Moore and wife against E. F. Merrell and others. From an order granting a temporary injunction and overruling defendants' motion to dissolve, defendants appeal. Affirmed.

Neth L. Leachman and Leachman & Gardere, all of Dallas, for appellants.

Frank A. Loftus, of Dallas, for appellees.

HIGGINS, J. Appellees Moore and wife executed a note in favor of appellant Mer-

rell for $4,185 to cover the cost of repairs upon a house owned by the former. The payment of this note was secured by contractor's and materialman's lien and deed of trust upon the house and lot. Merrell assigned the note to Mrs. E. A. Griffiths as collateral security for a loan of $1,700. After the maturity of the note the property was advertised for sale by the trustee under power conferred by the deed of trust. Appellees brought this suit against Merrell, Mrs. Griffiths, the trustee, and others not necessary to mention, to enjoin the sale, alleging that Merrell had not made the repairs in accordance with the contract in consequence of which the consideration for the note in part had failed. A temporary injunction was sought to stay the sale until the hearing of the cause upon its merits and determination of the amount, if any, due upon the note. The temporary injunction was granted, and a motion by defendants to dissolve was overruled. From this order Merrell, Mrs. Griffiths, and the trustee appeal.

[1, 2] The pleadings of appellees show a meritorious offset to the note. This being the case, the injunction properly issued to stay the threatened sale of the property until the final trial and determination of the amount properly due upon the note. The injunction merely preserves the status of the title to the lot until the final trial, and the action of the court upon the motion to dissolve rested in its sound discretion. There is no abuse of such discretion shown. The merits of the controversy between the parties are not proper to be considered at this time. Crawford v. El Paso, etc. (Tex Civ. App.) 192 S. W. 256; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63.

Affirmed.