**.CLARKE et al. v. OGDEN.**

No. 2525.

Court of Civil Appeals of Texas. El Paso.
Nov. 6, 1930.

Rehearing Granted Dec. 4, 1930.

Dunaway & Lee, of Midland, for appellants.

J. M. Caldwell and Charles Yonge, both of Midland, for appellee.

HIGGINS, J.

This is an appeal from an order overruling a motion to dissolve a temporary injunction.

The injunction merely preserves the status of the property pending the litigation. In such cases the granting of a temporary injunction rests largely in the sound discretion of the trial court. Crawford v. El Paso Land Imp. Co. (Tex. Civ. App.) 192 S. W. 256; Merrell v. Moore (Tex. Civ. App.) 300 S. W. 953; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63.

We are doubtful of the propriety of the court's action in granting the writ in this case and in declining to sustain the motion to dissolve, but we are not prepared to say that there was an abuse of the discretion vested in such cases. The verification of the petition was sufficient. Houston Oil Co. v. Davis (Tex. Civ. App.) 154 S. W. 337; Simpson v. McGuirk (Tex. Civ. App.) 194 S.W. 979.

Other propositions submitted in appellants' brief have been considered and are regarded as showing no reversible error.

Affirmed.

### On Rehearing.

In this appeal the action of the lower court was affirmed with doubt as to correctness of our ruling. Upon consideration of the motion for rehearing, the conclusion is reached that we erred in so doing.

Without undertaking to state the pleadings in detail, it is sufficient to say that appellee sued to establish and foreclose a lien upon two lots and in the alternative to recover the title and possession of the lots. It was alleged the defendants were in possession and threatening to place certain improvements upon the lots which plaintiff did not wish placed thereon, and the cost thereof might become charges and liens against the lots.

In the state of the title to the lots as disclosed by the pleadings, defendants could not fix liens upon the lots for the cost of the threatened improvements, and it does not appear that such improvements would damage the property. We think no equitable ground is shown for the issuance of the writ of injunction and the motion to dissolve should have been sustained.

Reversed, and judgment here rendered dissolving the injunction.

Reversed and rendered.