**MOFFITT et ux. v. LLOYD et al.**

No. 1844.

Court of Civil Appeals of Texas. Waco.

Nov. 5, 1936.

Rehearing Denied Dec. 3, 1936.

Word & Word, of Meridian, for appellants.

Geo. P. Robertson, of Meridian, and W. V. Dunnam, of Waco, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the district judge granting a temporary injunction on a verified petition. Appellant John S. Moffitt and appellee Maudie Belle Lloyd were formerly husband and wife. On the 17th day of September, 1935, in a suit brought by said appellee against said appellant, the bonds of matrimony existing between them were dissolved by decree of the district court of Bosque county. At the time of the divorce appellant had possession of the community estate, consisting of certain corporate stocks, household and kitchen furniture, and an automobile. Neither the adjudication of their respective rights in and to said property nor a partition thereof was

sought in said suit. Thereafter both said parties remarried and the respective spouses are joined herein.

Appellees alleged that the reason no adjudication of the respective community rights of the parties was sought in said suit was because appellant John S. Moffitt promised that he would voluntarily make a fair, just, and equitable partition of the community property and that he would hold the same intact until such partition could be agreed upon and consummated. Appellees further alleged that said appellant sold a part of such corporate stocks of the value of $4,081.34, received the proceeds of the sale thereof in cash, and converted the same to his own use, and that he had invested a portion of the same in other property. Appellees further alleged that the remainder of said corporate stocks was only worth $114; that the household and kitchen furniture was worth $150; and that the automobile was worth $700. Appellees also alleged on information and belief that said appellant had on hand at the time of the divorce $100 in money which he had converted to his own use. Appellees further alleged that appellants, unless restrained by injunction, would dispose of the remainder of the community property aforesaid and of the property in which a part of the proceeds of the sale of the community stocks had been invested or encumber the same for the fraudulent purpose of placing the proceeds of such sale or encumbrance beyond their reach and that they would by such action be irreparably injured. Appellees prayed for a fair and equitable partition of the community property on hand at the dissolution of the marriage, for the satisfaction of Mrs. Lloyd's interest therein, alleged to amount to $2,490.67, out of the community property on hand or out of any property in which the proceeds of the sale of said community stocks had been invested, and for a personal judgment against appellants for any further sums due her for her interest in the community property converted. Appellees further prayed for a temporary injunction restraining appellants from disposing of any of said property or encumbering the same.

Appellees presented their verified petition to the district judge in chambers and he granted a temporary injunction in the terms prayed for by them.

## Opinion.

Appellants first assail the sufficiency of the verification of appellees' petition. The affidavit thereto was made by appellee Maudie Belle Lloyd in person. The substance of the same was: "I have read the above and foregoing petition and I am cognizant of the facts therein stated, and the same are true, except where stated on information and belief, and where so stated, I verily believe the same to be true." Appellants base their contention on the insufficiency of said affidavit on the fact that it included the words, "except where stated on information and belief," etc. All the allegations in appellees' petition were affirmative except the paragraph in which they alleged that appellant had on hand at the dissolution of the marriage the sum of $100 in money and that he had converted the same. Said allegation was wholly immaterial to the restraint sought, which involved only the disposition of the community property remaining on hand and the property acquired with the proceeds from the sale of said corporate stocks. Said affidavit, properly construed, affirmed the truth of the facts alleged in connection with that phase of the case, and was sufficient to support the injunctive relief sought. Coss v. Coss (Tex.Civ.App.) 207 S.W. 127 et seq., par. 3; Simpson v. McGuirk (Tex.Civ.App.) 194 S.W. 979, 981, par. 2; Houston Oil Co. v. Davis (Tex.Civ.App.) 154 S.W. 337, 340, par. 5.

Appellants, in their second and final proposition, assail the sufficiency of appellees' allegations to entitle them to the restraint sought by them and accorded by the order of the district judge. Such allegations have been hereinbefore recited. Appellees charged that appellants would, unless restrained, fraudulently transfer and encumber certain property in which they claimed an interest and would place the proceeds beyond their reach. The injunction granted merely restrained appellants from doing so. The primary purpose and office of a temporary injunction is to preserve the status quo of the subject matter of the suit against any act of a party which would tend to render the final judgment in the case ineffectual. R.S. art. 4642, subd. 2; Gordon v. Hoencke (Tex.Civ.App.) 253 S.W. 629, 630, par. 2; City of Dallas v. Wright, 120 Tex. 190, 36 S.W.(2d) 973, 976, par. 9, 77 A.L.R. 709, and authorities there cited; James v.

Weinstein & Sons (Tex.Com.App.) 12 S. W.(2d) 959, 960 et seq., pars. 3 and 4, and authorities there cited; Amarillo Mutual Benev. Ass'n v. Sims (Tex.Civ.App.) 53 S.W.(2d) 329, 331, par. 2; Diamond v. Hodges (Tex.Civ.App.) 58 S.W.(2d) 187, 188, par. 4. The granting or refusing of a temporary injunction for such purpose rests largely within the discretion of the trial court, and will not be revised unless it is apparent that such discretion was abused. Jackson v. Reagan (Tex.Civ.App.) 70 S.W.(2d) 446, 447, par. 1, and authorities there cited; Gordon v. Hoencke, supra, par. 3, and authorities there cited. No abuse of discretion in granting the writ in this case is shown.

The judgment of the trial court is affirmed.