## CITY OF DALLAS v. FRY et al.
### (No. 9337.)

(Court of Civil Appeals of Texas. Dallas.
May 24, 1924. Rehearing Denied
June 21, 1924.)

**1. Municipal corporations ⚜═696—City held entitled to remove loading platform in street.**

City of Dallas *held* entitled, under its charter and reservation in its grant of right to construct loading platform in street, to remove it as obstruction to street and sidewalks, subject to exercise of due care to avoid damage to building with which connected, and inflict least damage and inconvenience consistent with execution of order.

**2. Appeal and error ⚜═954(1)—Injunction ⚜═135—Granting or refusal of temporary injunction in sound discretion of court not reviewable, unless abuse of discretion clearly appears.**

Granting or refusing of temporary injunction is within sound discretion of district court, whose action is not reviewable, unless abuse of discretion clearly appears, especially where it is manifest that dissolution of injunction may destroy plaintiff's right to determination of controversy in trial on merits.

**3. Injunction ⚜═163(1)—Temporary injunction not dissolved because of defective pleading sufficient to indicate real controversy and curable by amended petition.**

Appellate court will not dissolve temporary injunction because of defective pleading, if latter is sufficient to indicate existence of real controversy, which may be fully stated by amended petition.

Appeal from District Court, Dallas County; Royall A. Watkins, Judge.

Suit by E. J. Fry and another against the City of Dallas. From judgment granting temporary injunction, defendant appeals. Reversed, and injunction dissolved.

J. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellant.

Locke & Locke, of Dallas, for appellees.

JONES, C. J. Appellees, E. J. Fry and Chas. Cobb, Jr., are, and for many years have been, the owners of a tract of land located in the city of Dallas at the southwest corner of Pacific avenue and Pearl street in the city of Dallas. Appellees have a four story and basement brick building situated on said lot of land and covering the entire lot; the building being approximately 92 feet in width and 120 feet in depth, the frontage of the lot on Pacific avenue being approximately 92 feet, and on Pearl street approximately 120 feet. At the time this building was constructed there was an extension on the Pacific avenue frontage, built for the purpose of a loading platform. This extension is approximately 7 feet wide, and, in length, the entire frontage of the building on Pacific avenue. This loading platform is built of concrete, and its height is to the level of the first floor of the building. It is a necessary adjunct to the building for the use of appellees' tenant, the Pittsburg Plate Glass Company, in a practical transaction of the business in which it is engaged. This said tenant, together with its predecessor in name, the Texas Glass & Paint Company, has occupied the building ever since its erection.

Appellant is a municipal corporation existing under a special act of the Legislature of the state of Texas, passed in 1907, and its governing body consists of a mayor and five commissioners.

Before the erection of the building, and on October 7, 1909, appellees petitioned the governing body of appellant for permission to construct the said loading platform, in which they represented that they were the owners of 97 by 220 feet of land fronting 97 feet on the north side of Elm street and extending back 220 feet on the west line of Pearl street to Pacific avenue; that they had already erected a building 92 by 80 feet on the Elm street end of this lot, and in erecting said building had used a strip of their own land 5 by 100 feet on the Pearl street side of said property for sidewalk purposes, and had covered same with a cement walk, and that they intended to extend said cement walk through the block from Elm street to Pacific avenue the width of 5 feet, and were therefore donating for street purposes a strip of land 5 by 220 feet. Appellees concluded their petition to appellant as follows:

"In consideration for which concession, which we deem of great benefit to the city and the public, because of the fact that it widens and beautifies Pearl street—otherwise a narrow thoroughfare—we would request your honorable body to grant us the right to build for the Texas Glass & Paint Company what is known as a 'shipping platform,' from our property lying on Pacific avenue north, a width of seven feet, in other words, a platform 7x92 feet."

The petition is signed by appellees.

This petition was granted, and appellees permitted to erect said loading platform, on condition that they maintain steps at each end of the platform, and that a light be maintained over said platform during the night. In this grant, however, the board of commissioners reserved the right to remove same at any time when in the judgment of said board it might become necessary to do so.

During the year 1923, and approximately six months before the filing of this suit, appellant duly notified appellees to remove said loading platform, and repeated this notice from time to time. Appellees at first requested and secured an extension of time, but afterwards declared, in effect, that it would not be removed until after their ten-

ant should vacate the premises, which would be on the completion of what is known as the Santa Fé Building. Whereupon appellant directed and duly authorized its proper officials to remove the said loading platform from Pacific avenue, and this order was attempted to be carried out when this suit was filed.

When appellant attempted to carry into execution the removal order, appellees at once presented to the judge of the trial court their petition for injunction, praying that appellant and its officers, agents, and employés be enjoined from carrying such order into execution and enjoined from interfering with appellees in the use of said platform. The petition was duly verified, and, on its presentation, the judge of the trial court directed that a temporary restraining order issue preventing appellant from carrying out its removal order, conditioned that appellees file a bond in a stated amount, and conditioned as required by law. The bond was approved and filed, and a temporary restraining order issued. By its terms it was to be effective until a day named in the future, when appellant was notified to make answer and show cause why a temporary writ of injunction should not issue preventing the removal order from being carried into effect pending the trial of the case on its merits. Appellant made answer, and, upon a hearing, the court entered judgment granting the temporary writ of injunction. From this order appellant has perfected its appeal.

[1] From the record before us it is made clear that the said loading platform is situated wholly within Pacific avenue, a public street in the city of Dallas. While appellees in their petition for injunction make allegations from which it can be inferentially concluded that the loading platform was not situated in said public street, yet, the petition of appellees to appellant's governing body of October 7, 1909, praying for permission to construct said loading platform, contains a clear admission by appellees that its construction would be in Pacific avenue.

The grant under which the loading platform was constructed was given with the express condition that the right to order its removal rested in appellant. The charter of the city of Dallas vests in appellant the absolute control of its public streets and sidewalks, and also the power "to require the removal from the streets and sidewalks of all obstructions * * * and encroachments of every character upon said streets and sidewalks." The said loading platform being situated within Pacific avenue, the right of the city to remove it as an obstruction to the street and its sidewalks is clear and unassailable. Of course, in exercising this right appellant must observe due care to the end that the building with which said loading platform connects will not be damaged, and

that appellees and their tenant will suffer the least damage and inconvenience possible consistent with the execution of its order for removal.

[2, 3] This court is not unmindful of the rule of law that controls its actions in reviewing an appeal from a district court of an order granting or refusing a temporary injunction. Such rule is that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and that court's action, in the exercise of such discretion, is not reviewable on appeal, unless it clearly appears from the record that there has been an abuse of such discretion. Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Beirne v. North Texas Gas Co. (Tex. Civ. App.) 221 S. W. 301. This rule of law applies especially in a case of this character, where it is manifest that a dissolution of the temporary injunction may destroy appellees' right to have the controversy determined in a trial of the case on its merits. It is also a rule of law in this state, as contended by appellees, that, even if the pleading is defective, and yet is sufficient to indicate that a real controversy exists, which may be fully stated by an amended petition, this court will not dissolve the temporary injunction issued by the trial court because of such defective pleading.

We have given to these rules of law careful consideration, and must conclude, from what indisputably appears to be the facts in this case, that no controversy exists as to the right of appellant to remove this loading platform as an obstruction from one of its public streets. It therefore follows that, in our opinion, there was an abuse of discretion of the trial court in granting the temporary writ of injunction, and that this cause should be reversed and the injunction dissolved.

Reversed and temporary injunction dissolved.