### WHITE et al. v. PURE OIL CO.
### No. 10843.

Court of Civil Appeals of Texas. Dallas.
July 26, 1930.

Tom L. Beauchamp, of Paris, and Thomas G. Pollard, of Tyler, for appellants.

Wynne & Wynne, of Kaufman, and Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

## PER CURIAM.

In a suit instituted by appellee, the Pure Oil Company, against appellants, S. W. White et al., involving the title and possession of the mineral estate underlying 4.2 acres of land, an injunction pendente lite was issued by the trial court, enjoining appellants, in effect, from entering upon the disputed land and boring oil wells thereon, and this appeal is prosecuted from an order of the court overruling appellants' motion to dissolve.

Appellee, by mesne conveyances, became owner of the mineral lease on a tract of land described by metes and bounds and as "containing fifty acres of land." A survey of the 50-acre tract disclosed that it contained 54.2 acres, or an excess of 4.2 acres. The original conveyance, as well as the lease, called for natural objects as fixing each corner, also gave course and distance of the boundaries. The issue involved depends upon whether or not these bearing trees, no longer in existence, were sufficiently located. Appellants claim that no facts are in existence that locate with sufficient certainty the position of the bearing trees described in the conveyances, and that course and distance are the controlling factors in locating the corners of this land. If this contention is correct, the lease to the 4.2 acres in controversy was not included in appellees' lease; therefore, as appellants hold under mesne conveyances from the original owner of the so-called 50-acre tract, they own the mineral lease on this overplus. If, however, the position of these bearing trees can be sufficiently located under rules of evidence, then the contention of appellee is correct.

Appellants moved to dissolve the temporary injunction, and the Van Oil Company, a corporation, having become record owner of the lease on the 4.2 acres by transfer from appellants, intervened and sought the same relief. Appellee, by an amended petition, filed after the issuance of the injunction, sued (a) in trespass to try title as the owner of the land described in the deed; and (b) in the alternative sought to correct the conveyance under which it held the lease, on the ground of mutual mistake, in that both grantors and grantees intended to lease the entire tract of land.

As grounds for injunctive relief, appellee alleged ownership, and that its possession was threatened by appellants, who had obtained a permit from the railroad commissioner to bore for oil on the disputed land, and were threatening to enter upon same for that purpose. On hearing, appellants' motion to dissolve was overruled by the court.

The evidence clearly raised an issue as to whether the position of the bearing trees could be located and as to whether the corners thus fixed would control against course and distance named in the lease conveyance; in other words, it was shown that appellee was in constructive possession by virtue of its ownership of the mineral lease, and there was in its favor at least a bona fide contention that the lease conveyed the 4.2 acres subsequently leased to appellants. In this state of the record we cannot say that the trial court abused its discretion in refusing to dissolve the temporary writ theretofore issued to maintain the status quo of the property until the suit could be tried on its merits. See City of Dallas v. Fry (Tex. Civ. App.) 263 S. W. 653; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Beirne v. North Texas Gas Co. (Tex. Civ. App.) 221 S. W. 301; Nagy v. Bennett (Tex. Civ. App.) 24 S.W.(2d) 778, 781.

We hold, therefore, that the court did not err in refusing to dissolve the temporary writ, and the case should be affirmed.

The record fails to disclose that the oil, if any, underlying the strip of land in controversy, is at present in danger of being drained by other wells. This property, however, is in the Van oil field, where developments are being rapidly made, and oil may be drained from lands near enough to the disputed land as to materially affect the flow of oil from a well sunk thereon; therefore the affirmance of the case is without prejudice to the right of appellants and intervener to again move in the trial court to dissolve the writ of injunction, if such danger should arise before the case is tried on its merits.

Affirmed.