**CITY OF WACO, Appellant,**

v.

**F. E. MARSTALLER, Appellee.**

No. 3225.

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1954.

Lyndon Olson, City Atty., Wiley W. Stem, Jr., Asst. City Atty., O. V. Hall, Asst. City Atty., Waco, for appellant.

Q. Z. Valentine, F. R. Valentine, Waco, for appellee.

HALE, Justice.

This is an appeal from an interlocutory order of the trial court disposing of a verified application for a temporary injunction. As grounds for the relief sought by its application, appellant alleged facts, fully and in detail, showing that appellee was operating an auto repair garage at 1400 Connor Avenue in the City of Waco in violation of the zoning ordinance of the City. Appellant prayed that upon a preliminary hearing of its application, it be granted a temporary injunction against appellee,

enjoining him from such unlawful conduct, and that upon a final hearing the injunction be made permanent.

Appellee answered the application with a general denial and a special plea to the effect that appellant was not entitled to any injunctive relief because it had an adequate remedy at law for the enforcement of its zoning ordinance, in that the ordinance provided that a violation thereof constituted a misdemeanor which was punishable by a fine of $100.

After an extended hearing on the application and answer, the court below entered its order on August 5, 1954 denying the temporary injunction, and hence this appeal.

Appellant predicates the appeal on the following point of error in its written brief, viz: "The trial court erred in entering judgment refusing to grant a temporary injunction, in that the undisputed facts show that appellee was, at the time of trial and at all relevant times, operating an automobile repair garage in violation of the zoning ordinance of the City of Waco." Counsel for appellee have not favored this Court with any brief or oral argument, and consequently we do not know what their views may be with respect to the appeal.

The competent evidence introduced upon the hearing of the application shows without dispute that on September 6, 1932, appellant duly passed a comprehensive zoning ordinance under the provisions of Arts. 1011a–1011h of Vernon's Tex.Civ.Stats., dividing the City of Waco into certain use districts, the property at 1400 Connor Avenue being zoned as a Third Residential District. On February 9, 1937, the original ordinance of 1932 was amended and the uses allowed in a Third Residential District were changed so as to prohibit an automobile repair garage from being operated within any area so zoned and at all times thereafter the property at 1400 Connor Avenue has been zoned in an area where the operation of an automobile repair garage has been prohibited by the applicable zoning ordinances of the City of Waco. The evidence further shows without any dis-

pute that appellee was operating an automobile repair garage on the premises at the time of the hearing in the court below and has been so engaged in such operation continuously since he erected a building on the premises in 1952 for that purpose. Appellee testified that he had been repairing automobiles as a hobby at odd times for members of the public prior to the time when he erected the building on the premises for the purpose of carrying on the business or occupation of an automobile repairman.

Since the undisputed evidence clearly shows that appellee was operating an auto repair garage at 1400 Connor Avenue on and prior to August 5, 1954 in violation of the zoning ordinance of the City of Waco, we see no reason whatsoever why appellant was not entitled as a matter of law to the issuance of the temporary injunction sought. Although the zoning ordinance provided in part that its violation should constitute a misdemeanor punishable by a fine not to exceed $100, we do not think this penal provision afforded appellant an adequate remedy at law for the enforcement of the ordinance, or that it deprived appellant of any right to equitable relief against the continuing violation thereof. Art. 1011h of Vernon's Tex.Civ. Stats. expressly authorizes the legislative body of a municipality to provide for the enforcement of its zoning ordinance by penal provisions and, in addition, it also empowers the local authorities of a municipality to institute any appropriate action or proceedings to prevent such unlawful conduct and to restrain and abate such violations. This statutory provision is applicable to the City of Waco and to all other Home Rule cities in Texas. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, Pt. 35 (er. dis. judg. cor.); Davis v. City of Abilene, Tex.Civ.App., 250 S.W.2d 685 (er. ref.)

Appellee introduced testimony from a number of property owners in the vicinity of 1400 Connor Avenue to the effect that they did not object to the use of the property as an auto repair garage. This testi-

724

mony, however, was wholly immaterial and irrelevant to any issue involved on the hearing and did not tend in any wise to show that appellant's zoning ordinance was invalid or that appellee was not violating the same.

We recognize the general rule that the granting or refusing of a temporary injunction is ordinarily within the sound discretion of the trial court and that the court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. But, as said by the Commission of Appeals in Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, 723: "* * * it is also true that the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts. If the facts are such that solely questions of law are presented, the trial court's action is reviewable, and should be reviewed on appeal. Differently stated, the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts. Tyree v. Road District No. 5, Tex.Civ.App., 199 S.W. 644, 650 (application for writ of error refused); Midland Building & Loan Ass'n v. Sparks, etc., Church, Tex.Civ.App.; 35 S.W.2d 774, 775; Diamond v. Hodges, Tex.Civ.App., 58 S.W.2d 187, 189; Ricketts v. Ferguson, Tex.Civ.App., 64 S.W.2d 416; Hanover Star Milling Co. v. Allen & Wheeler Co., 7 Cir., 208 F. 513, L.R.A. 1916D, 136, 142; 24 Tex.Jur. pp. 313, 314, § 253; 4 C.J. pp. 803, 804, § 2768; 32 C.J. p. 32, § 11; 14 R.C.L. p. 308, § 5."

Because the undisputed evidence shows conclusively that appellee was operating an auto repair garage at 1400 Connor Avenue in violation of the zoning ordinance of the City of Waco at the time of the hearing herein, we have concluded that the trial court erred to the prejudice of appellant in denying the latter's application for a temporary injunction. Vol. 3B Tex. Jur., p. 411, Sec. 924; 28 Amer.Jur. p. 500, Sec. 328; Gibraltar Savings & Building Ass'n v. Isbell, Tex.Civ.App., 101 S.W.

2d 1029; McFarlane v. Davis, Tex.Civ.App., 147 S.W.2d 528; City of Dallas v. Fry, Tex.Civ.App., 263 S.W. 653.

Therefore, the order appealed from is reversed and the cause is remanded to the court below with instructions to grant appellant's application for a temporary injunction forthwith.

TIREY, J., took no part in the consideration or disposition of this case on account of illness.