### In re HEALTH DISCOVERY CORPORATION.

#### No. 10–04–00125–CV.

Court of Appeals of Texas, Waco.

July 7, 2004.

C. Thomas Schmidt, Schmidt & Hoffer, L.L.P., Houston, Stephen R. Fontaine,

---

**100.**  *Bocquet,* 972 S.W.2d at 21.

Stephen R. Fontaine, P.C., Waco, for Appellant/Relator.

LaNelle L. McNamara, LaNelle L. McNamara, P.C., Steven L. Moody, Steven L. Moody, P.C., Dick Clark, Dick Clark, P.C., Waco, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION GRANTING PETITION FOR WRIT OF INJUNCTION

BILL VANCE, Justice.

In this original proceeding, Relator Health Discovery Corporation seeks an injunction to enjoin Respondents, Bill G. Williams, Shirley K. Williams, W. Steven Walker, and Automated Shrimp Corporation, from selling any share of the Relator corporation pending resolution of an interlocutory appeal from the denial of a motion for a temporary injunction by the 74th District Court.[1] In the appeal, Relator contends the trial court should have issued the injunction to preserve the status quo pending resolution of the dispute in that court. We will grant injunctive relief to preserve our jurisdiction and preserve the subject matter of the appeal.[2]

At first blush, this case appears to be procedurally similar to *In re Andrea Gayle Smith,* which we dismissed for want of jurisdiction because we had no authority to issue an injunction to preserve the status quo pending an appeal.[3] *In re Andrea Gayle Smith,* No. 10–03–00390–CV, 2004 WL 254079, slip op. at 3 (Tex.App.-Waco February 11, 2004, orig. proceeding).

As we noted in *Smith,* we have limited injunctive powers. *Id.* slip op. at 2. However, as the Fort Worth Court observed some years ago:

It has been held in many cases that where an original petition for writ of injunction is brought pending the appeal of the trial court's denial of a similar injunction, the appellate court should issue the writ to protect its jurisdiction over the appeal. *See, e.g., Reyes,* 619 S.W.2d at 27; *Dawson,* 417 S.W.2d at 653; *Madison,* 42 S.W.2d at 86. The subject matter of such an appeal is whether the trial court properly refused to grant the requested temporary injunction. *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579, 582 (Tex.Civ.App.-Corpus Christi 1975, no writ) (per curiam). Granting the injunction preserves the subject matter of the appeal and the effectiveness of the court's decision on the appeal should the relator prevail. *See id.*

*EMW Mfg. Co. v. Lemons,* 724 S.W.2d 425, 426–27 (Tex.App.-Fort Worth 1987, orig. proceeding). In *Reyes,* the Fort Worth Court had enjoined the sale of property pending an appeal from the refusal of the district court to grant a temporary injunction preventing a sale. *Reyes v. Atkins,* 619 S.W.2d 26, 27 (Tex.Civ.App.-Fort Worth 1981, orig. proceeding). In *Dawson,* the Tyler Court of Civil Appeals issued an injunction to protect its jurisdiction and preserve the subject matter of the litigation pending appeal from the order of the trial court denying a temporary injunction. *Dawson v. First Nat. Bank of Troup,* 417 S.W.2d 652, 653 (Tex.Civ.App.-

---

1. The trial court also dissolved a temporary restraining order it had issued.

2. On Friday, June 18, 2004, we issued an order granting emergency temporary relief and set the case for oral argument.

3. We ultimately issued a stay of a portion of the trial court's order in her divorce appeal. *In re A.C.S.,* No. 10–03–00392–CV, 2004 WL 1007946, slip op. at 3 (Tex.App.-Waco May 4, 2004, order).

Tyler 1967, orig. proceeding). The Dallas Court had observed some years earlier in *Madison v. Martinez:*

> [I]f the effect of the refusal of the trial court to continue in force the restraining order is to destroy the subject-matter of the appeal, and thereby prevent the effective operation of any judgment this court might render, the jurisdiction of this court would be unlawfully invaded, through the means of the destruction of the subject-matter of the appeal, and the power to issue a proper writ to prevent such condition rests in this court. It was made clear that, if the restraining order did not issue from this court, appellees would execute at once the writ of restitution, and appellants would thereby be ousted of the possession of their alleged homestead before this court could determine their appeal from an order permitting appellees to take such course. If this court should hold, on the merits of this appeal, that the district court erred in refusing to grant the temporary writ of injunction, and should reverse the case with instruction to the judge of the district court to grant the temporary writ, there would be nothing in such an event on which such judgment could operate, and the judgment of this court would be a nullity.

*Madison v. Martinez,* 42 S.W.2d 84, 86 (Tex.Civ.App.-Dallas 1931, writ ref'd) (referring to now repealed article 1823 of the Revised Civil Statutes of Texas, a predecessor statute to section 22.221(a) of the Government Code).

In *Pendleton Green Associates v. Anchor Savings Bank,* the Corpus Christi Court of Civil Appeals issued a temporary injunction to protect its jurisdiction over a pending appeal and to preserve the subject matter of the appeal. *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579, 582 (Tex.Civ.App.-Corpus Christi 1975, orig. proceeding) (per curiam).

Justice Gonzalez, joined by Chief Justice Phillips, has catalogued other cases in which courts of appeals have noted their power to issue writs of injunction to protect their jurisdiction. *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex.1992) (Gonzalez, J. "Opinion Accompanying Order Overruling Motion for Leave to File Petition for Writ of Mandamus and Motion for Temporary Relief").

■ Here, Relator pleads that a sale of its shares by Respondents will destroy its ability to obtain effective relief in the trial court. The trial court refused to preserve the status quo pending its determination of the issues. Relator has filed an interlocutory appeal from the denial of its motion for a temporary injunction. Following the language of *Lemons* and the cases cited therein, we believe that Relator is entitled to an injunction to preserve our jurisdiction over and the subject matter of the pending interlocutory appeal while we decide its merits.[4]

---

4. As the dissent points out, Relator did not file a "certified or sworn copy" of documents material to its claim for relief. TEX.R.APP. P. 52.7(a)(1). Respondents, however, filed the same documents as an appendix to their response, so there is no dispute as to their authenticity. Furthermore, Respondents have not objected, either in their response or at oral argument, to the lack of certified or sworn copies. We also have a properly authenticated transcript of testimony from the trial court's hearing on Relator's request for a temporary injunction. *Id.* 52.7(a)(2). In the absence of any dispute concerning the factual basis for Relator's request in this original proceeding, on our own initiative and to expedite a decision in this proceeding and preserve our jurisdiction over the interlocutory appeal, we suspend the requirement of Rule

We grant the petition for injunctive relief and will issue an injunction—using the terms of the trial court's temporary restraining order—restraining Respondents from selling shares of Relator pending a final decision in the direct appeal, Cause No. 10–04–00126–CV. No bond is required of Relator as a condition to the issuance of this injunction as it is issued under authority of section 22.221(a) for the purpose of protecting our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *Collier v. Central Natl. Bank,* 564 S.W.2d 828, 829 (Tex.App.-Austin 1978, orig. proceeding) (citing repealed article 1823 of the Revised Civil Statutes); *Dawson,* 417 S.W.2d at 654 (also citing repealed article 1823).

We express no opinion on the merits of the pending interlocutory appeal.

Respondents' motion to reconsider our order granting emergency temporary relief is denied. Respondents' motion for sanctions is denied.

The Clerk shall issue the writ.

Chief Justice GRAY, dissenting.

TOM GRAY, Chief Justice, dissenting to injunction.

The Court is granting relief without a sworn record. This is in contravention of the rules of appellate procedure. *See* TEX. R.APP. P. 52.7(a)(1). I would not.

Why should we require compliance with the rules in this case? Other than it is the right thing to do, under the law, it is also the equitable thing to do. First, the Relator rolled into this Court on a Friday, wanting emergency relief. It was granted. A response was ordered by Monday at 5:00 P.M. and argument set for Tuesday morning. Given this abbreviated time line, we should not be critical of the Respon-

dents having not called this to our attention. The failure of the Relator to show itself entitled to relief does not require an objection. Because our ruling is supposed to be based upon the record properly before us, we err by granting relief without a proper record.

Further, when, as here, the Relator is making a request for extraordinary relief, we should require strict compliance with the rules before granting it. Otherwise, when it is said that "if the relator fails to make an adequate record, then it has not shown itself entitled to relief" is just idle conversation. And it is about more than just the documents or hearings referred to by the Court. This proceeding is based upon factual allegations contained in the petition which, for purposes of this proceeding, are supposed to be sworn to, so that we may have a proper record upon which to base the relief granted, if any.

Relator has not filed a sworn record. On the record properly before us, it has not shown itself entitled to relief. I dissent to the granting of the writ of injunction.

I also dissent to the failure to require a bond. The Court has enjoined the sale by Respondents of stock with a volatile price. The unsworn allegation of the Relator is that the sales must be stopped so that those sales do not adversely impact the sales of stock that the Relator is trying to make. So while the Respondents are prohibited from selling their stock, there is no prohibition on the Relator from selling stock to the same prospective buyers. We should require a reasonable bond of Relator pending the determination of the direct appeal. *See* TEX.R.APP. P. 52.8(c) ("If the court determines that relator is entitled to relief, it must make an appropriate order."); *cf. id.* 52.10(b) ("As a condition of

52.7(a)(1) relating to the filing of certified or

sworn copies of documents. TEX.R.APP. P. 2.

granting temporary relief, the court may require a bond to protect the parties who will be affected by the relief."). Alternatively, a proper order pending determination of the direct appeal would be that the Relator, and those acting in concert with it, are also prohibited from selling stock, because, just as we would be unable to reverse any sale made by the Respondents, we would be equally powerless to reverse the sales of the Relator, particularly as it appears to be treasury stock, or newly issued stock, that the Relator is attempting to sell.