**HEALTH DISCOVERY CORPORATION, Appellant,**

v.

**Bill G. WILLIAMS, Shirley K. Williams, W. Steven Walker, Jerry W. Petermann and Automated Shrimp Corporation, Appellees.**

No. 10–04–00126–CV.

Court of Appeals of Texas, Waco.

Aug. 25, 2004.

C. Thomas Schmidt, Lauralyn Chrisley, Marc M. Tittlebaum, Schmidt & Hoffer, L.L.P., Houston, Stephen R. Fontaine, Stephen R. Fontaine, P.C., Waco, for appellant.

LaNelle McNamara, LaNelle McNamara, P.C., Steven L. Moody, Steven L. Moody, P.C., Dick Clark, Clark, Clark & Howell, L.L.P., Waco, Richard G. Mills, Law Office of Richard G. Mills, Duncanville, for W. appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

This is an accelerated appeal from an order denying a temporary injunction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2004). Because we find that the trial court abused its discretion in failing to issue an injunction to preserve the status quo pending a trial of the issues, we reverse the order and remand the cause with instructions to issue a temporary injunction.

Health Discovery Corporation (HDC) sued Bill G. Williams, Shirley K. Williams, W. Steven Walker, Jerry W. Petermann, and Automated Shrimp Corporation to cancel shares of HDC that had been issued to its officers and directors. The trial court issued a temporary restraining order but after a hearing denied a temporary injunction. HDC brought this appeal and an original proceeding, in which we heard oral argument and issued an injunction to protect our jurisdiction and preserve the subject matter of the appeal. *See In re Health Discovery Corp.*, 148 S.W.3d 163, 165, No. 10–04–00125–CV, 2004 WL 1574653, at *2 (Tex.App.-Waco July 7, 2004, orig. proceeding).

In 2001, HDC had four officers and directors: Bill G. Williams, Robert S. Braswell IV, Jerry W. Petermann, and W. Steven Walker. These officers and directors filed a registration statement with the Securities and Exchange Commission to issue one million shares to themselves: 350,000 to Williams, 300,000 to Braswell, 200,000 to Petermann, and 150,000 to Walker.[1] The shares were issued in Octo-

---

1. The shares were also the subject of a 7 for 1 stock split, so that the numbers recited in the SEC filing must be multiplied by 7.

ber of 2001. After management of the company changed and before suit was filed, Braswell agreed to the cancellation of his shares. Before the temporary injunction hearing, Petermann settled with HDC and returned his shares. HDC has dismissed Walker from this appeal, saying that it has settled its differences with him. Thus, HDC now seeks review of the denial of its temporary injunction as to the remaining defendants.

## STANDARD OF REVIEW

■ The issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo of the litigation's subject matter pending trial on the merits. The applicant must plead and prove three elements to obtain a temporary injunction: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). The applicant is not required to establish that it will prevail upon a final trial. *Id.* at 211 (citing *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968)). Our review is strictly limited to whether the trial court clearly abused its discretion in granting or denying the temporary injunction. *See id.* at 204. We may not substitute our judgment for that of the trial court simply because we would have decided otherwise.

## OUR REVIEW

We will review each of the three elements to determine if the trial court should have issued a temporary injunction in this instance.

**2.** On appeal, HDC concedes that the transactions may be voidable.

**3.** HDC points to *Dowdle v. Texas Am. Oil Corp.,* 503 S.W.2d 647 (Tex.Civ.App.-El Paso 1973, no writ), for the proposition that a

*Cause of Action*

■ With respect to the shares, HDC pled that the transactions are void[2] because the directors did not comply with the requirements of article 2.35–1(A) of the Texas Business Corporation Act (the Act). TEX. BUS. CORP. ACT ANN. art. 2.35–1 (Vernon 2003). There is substantial evidence that the directors failed to comply with any of the three ways that an interested director can validly obtain shares through a transaction such as that involved here. *Id.* Thus, HDC has pled and produced evidence to support a cause of action. *See Sun Oil,* 424 S.W.2d at 218 ("needs only to plead a cause of action").

*Probable Right to the Relief Sought*

■ The evidence is undisputed that the transaction was not approved by disinterested directors or by a good-faith, affirmative vote of the shareholders. TEX. BUS. CORP. ACT ANN. art. 2.35–1(A)(1), (2). The evidence that a vote of the directors on the issuance of the shares never took place is almost uncontroverted.[3] Even if we assume that such a vote occurred, that is, authorization, approval, or ratification by the disinterested directors or the shareholders, the burden of proving the fairness of the transaction rests on the interested directors. *See Landon v. S & H Marketing Group, Inc.,* 82 S.W.3d 666, 673 (Tex. App.-Eastland 2002, no pet.); *see also Texas Bank & Trust Co. v. Moore,* 595 S.W.2d 502, 508–09 (Tex.1980) (a profiting fiduciary has the burden of showing the fairness of the transactions). The testimony at the temporary injunction hearing conflicted— Williams and Walker testified it was a fair

formal vote of the directors is required. It is undisputed that there are no minutes of a meeting at which the directors approved the transactions in question.

transaction, and Braswell, Petermann, and two independent investors in the company testified that it was not. Because HDC does· not bear the burden of disproving fairness, it has shown a probable right to the relief it seeks: cancellation of the shares.[4] *See Sun Oil,* 424 S.W.2d at 218 ("show a probable right on final trial to the relief he seeks").

*Injury in the Interim*

■ Testimony at the hearing showed that the Williamses had sold and were attempting to sell shares at the very time of the hearing. Bill Williams testified that some of the shares had been sold in April [5] and May 2004 and that it was his intention to "sell some of the shares and keep some of the shares." Thus, HDC showed a probable and imminent injury. Is it irreparable? HDC has shown a probable right to cancel shares that were the subject of the SEC filing, which are subject to different restrictions than other shares that have been issued by the company, *i.e.,* shares that were originally held by HDC's parent corporation but were the subject of a stock dividend to the parent's shareholders on May 15, 2001. In addition, the registration statement states that there was little or no public market for the shares, described as a "penny stock," and, although the evidence shows that a market currently exists, HDC has no assurance that it will be able to repurchase the number of shares in question should it be awarded damages in lieu of a cancellation of the shares.[6] Furthermore, HDC points to the fact that the relative voting rights of all shareholders will be affected absent a cancellation of the shares in question.[7] Thus, HDC has shown that the injury in allowing the questioned shares to be sold while the litigation is pending is irreparable. *See Sun Oil,* 424 S.W.2d at 218 ("probable injury in the interim").

## CONCLUSION

We find that the trial court abused its discretion in denying HDC's request for a temporary injunction. *See City of Waco v. Marstaller,* 271 S.W.2d 722, 723–24 (Tex. Civ.App.-Waco 1954, no writ). Thus, we reverse the order and, because of the nature of the facts presented at the temporary injunction hearing, direct that the trial court, upon the filing of a bond in the amount of $25,000, issue the following temporary injunction to preserve the status quo until a judgment in the trial court case becomes final:

Bill G. Williams, Shirley K. Williams, and Automated Shrimp Corporation, their agents, servants, employees, affiliates, any person or entity they control, and any person acting in concert with them are hereby commanded to desist and refrain from selling or otherwise transferring or disposing of any share of stock of Health Discovery Corporation

4. The defendants argue that HDC lacks standing to maintain this cause of action and that federal law preempts state law in this instance. We reject both contentions.

5. Although Williams testified it was a "miscommunication," some shares were sold while a temporary restraining order was in effect. By the time of the hearing, they had sold approximately 2,000,000 shares, the equivalent of all the shares they owned before the transaction in question plus approximately 700,000 of the 2,450,000 (350,000 times 7) received in this transaction.

6. Bill Williams's testimony at the hearing casts substantial doubt about his ability to pay a judgment for damages.

7. There are 260 shareholders of HDC other than the four who received the shares in question. As a result of the 7 for 1 stock split, there were more than 18,000,000 shares outstanding when trading started on November 25, 2001. Of those, the four officers and directors had issued themselves 7,000,000.

until the judgment in Cause No.2004–1188–3, pending in the 74th District Court of McLennan County, Texas, becomes final; and Bill G. Williams, Shirley K. Williams, and Automated Shrimp Corporation, their agents, servants, employees, affiliates, any person or entity they control, and any person acting in concert with them are hereby further commanded to deposit into the registry of the 74th District Court of McLennan County, Texas, all shares of Health Discovery Corporation now owned or held by them, or any of them, whether as share certificates or in a "street name," such shares to be held in the registry of the Court until the judgment in Cause No.2004–1188–3, pending in the 74th District Court of McLennan County, Texas, becomes final and then subject to further order of the Court.

Costs of this appeal are assessed against Bill G. Williams, Shirley K. Williams, and Automated Shrimp Corporation.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a case in which the Court simply disagrees with the trial court, so it substitutes its judgment for that of the trial court. The Court has confused the burden of proof at a trial on the merits and the burden of proof to prove entitlement to a temporary injunction. Because the evidence of whether there was a vote on whether to issue the stock was disputed, and/or the evidence of the fairness of the transaction was also disputed, I cannot hold the trial court abused its discretion by denying the temporary injunction. We do not have the time, the resources, the duty, or the right to micromanage the trial court process. I would not in this instance.

I respectfully dissent.