IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00126-CV

 

Health Discovery Corporation,

                                                                      Appellant

 v.

 

Bill G. Williams, 

Shirley K. Williams, 

W. Steven Walker, 

Jerry W. Petermann 

and Automated Shrimp Corporation,

                                                                      Appellees

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 2004-1188-3

 



Opinion










 

            This
is an accelerated appeal from an order denying a temporary injunction.  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2004). 
Because we find that the trial court abused its discretion in failing to
issue an injunction to preserve the status quo pending a trial of the issues,
we reverse the order and remand the cause with instructions to issue a
temporary injunction.

          Health
Discovery Corporation (HDC) sued Bill G. Williams, Shirley K. Williams, W.
Steven Walker, Jerry W. Petermann, and Automated Shrimp Corporation to cancel
shares of HDC that had been issued to its officers and directors.  The trial court issued a temporary restraining
order but after a hearing denied a temporary injunction.  HDC brought this appeal and an original
proceeding, in which we heard oral argument and issued an injunction to protect
our jurisdiction and preserve the subject matter of the appeal.  See In
re Health Discovery Corp., ___ S.W.3d ___, No. 10-04-00125-CV, 2004 WL 1574653,
at *2  (Tex. App.—Waco July 7, 2004,
orig. proceeding).

          In
2001, HDC had four officers and directors: Bill G. Williams, Robert S. Braswell
IV, Jerry W. Petermann, and W. Steven Walker. 
These officers and directors filed a registration statement with the
Securities and Exchange Commission to issue one million shares to themselves:
350,000 to Williams, 300,000 to Braswell, 200,000 to Petermann, and 150,000 to Walker.[1]
 The shares were issued in October of
2001.  After management of the company
changed and before suit was filed, Braswell agreed to the cancellation of his
shares.  Before the temporary injunction
hearing, Petermann settled with HDC and returned his shares.  HDC has dismissed Walker from this appeal, saying that it has settled
its differences with him.  Thus, HDC now
seeks review of the denial of its temporary injunction as to the remaining
defendants.

STANDARD
OF REVIEW

          The
issue before the trial court in a temporary injunction hearing is whether the
applicant may preserve the status quo of the litigation's subject matter
pending trial on the merits.  The
applicant must plead and prove three elements to obtain a temporary
injunction:  (1) a cause of action
against the defendant; (2) a probable right to the relief sought; and (3) a
probable, imminent, and irreparable injury in the interim.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). 
The applicant is not required to establish that it will prevail upon a
final trial.  Id. at 211 (citing Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968)). 
Our review is strictly limited to whether the trial court clearly abused
its discretion in granting or denying the temporary injunction.  See id.
at 204.  We may not substitute our
judgment for that of the trial court simply because we would have decided
otherwise.

OUR
REVIEW

          We
will review each of the three elements to determine if the trial court should
have issued a temporary injunction in this instance.

Cause
of Action

          With
respect to the shares, HDC pled that the transactions are void[2]
because the directors did not comply with the requirements of article 2.35-1(A)
of the Texas Business Corporation Act (the Act).  Tex.
Bus. Corp. Act Ann. art. 2.35-1 (Vernon 2003).  There is substantial evidence that the
directors failed to comply with any of the three ways that an interested
director can validly obtain shares through a transaction such as that involved
here.  Id.  Thus,
HDC has pled and produced evidence to support a cause of action.  See Sun
Oil, 424 S.W.2d at 218 (“needs only to plead a cause of action”).




Probable
Right to the Relief Sought

          The
evidence is undisputed that the transaction was not approved by disinterested
directors or by a good-faith, affirmative vote of the shareholders.  Tex.
Bus. Corp. Act Ann. art. 2.35-1(A)(1), (2).  The evidence that a vote of the directors on
the issuance of the shares never took place is almost uncontroverted.[3]
 Even if we assume that such a vote
occurred, that is, authorization, approval, or ratification by the interested directors
or the shareholders, the burden of proving the fairness of the transaction
rests on the interested directors.  See Landon v. S&H Marketing Group, Inc.,
82 S.W.3d 666, 673 (Tex. App.—Eastland 2002, no pet.); see also Texas Bank & Trust Co. v. Moore, 595 S.W.2d 502, 508-09 (Tex. 1980) (a profiting fiduciary has the burden of
showing the fairness of the transactions). 
The testimony at the temporary injunction hearing conflicted—Williams
and Walker testified it was a fair transaction, and Braswell, Petermann, and two
independent investors in the company testified that it was not.  Because HDC does not bear the burden of
disproving fairness, it has shown a probable right to the relief it seeks:
cancellation of the shares.[4]
 See
Sun Oil, 424 S.W.2d at 218 (“show a probable right on final trial to the
relief he seeks”).

Injury
in the Interim

          Testimony
at the hearing showed that the Williamses had sold and were attempting to sell
shares at the very time of the hearing.  Bill
Williams testified that some of the shares had been sold in April[5]
and May 2004 and that it was his intention to “sell some of the shares and keep
some of the shares.”  Thus, HDC showed a
probable and imminent injury.  Is it
irreparable?  HDC has shown a probable
right to cancel shares that were the subject of the SEC filing, which are
subject to different restrictions than other shares that have been issued by
the company, i.e., shares that were
originally held by HDC’s parent corporation but were the subject of a stock dividend
to the parent’s shareholders on May 15, 2001.  In
addition, the registration statement states that there was little or no public
market for the shares, described as a “penny stock,” and, although the evidence
shows that a market currently exists, HDC has no assurance that it will be able
to repurchase the number of shares in question should it be awarded damages in
lieu of a cancellation of the shares.[6]
 Furthermore, HDC points to the fact that
the relative voting rights of all shareholders will be affected absent a
cancellation of the shares in question.[7]  Thus, HDC has shown that the injury in
allowing the questioned shares to be sold while the litigation is pending is
irreparable.  See Sun Oil, 424 S.W.2d at 218 (“probable injury in the interim”).

CONCLUSION

          We
find that the trial court abused its discretion in denying HDC’s request for a
temporary injunction.  See City of Waco v. Marstaller, 271
S.W.2d 722, 723-24 (Tex. Civ. App.—Waco 1954, no writ).  Thus, we reverse the order and, because of the
nature of the facts presented at the temporary injunction hearing, direct that
the trial court, upon the filing of a bond in the amount of $25,000, issue the
following temporary injunction to preserve the status quo until a judgment in
the trial court case becomes final:

          Bill
G. Williams, Shirley K. Williams, and Automated Shrimp Corporation, their
agents, servants, employees, affiliates, any person or entity they control, and
any person acting in concert with them are hereby commanded to desist and refrain
from selling or otherwise transferring or disposing of any share of stock of
Health Discovery Corporation until the judgment in Cause No. 2004-1188-3,
pending in the 74th District Court of McLennan County, Texas, becomes final;
and Bill G. Williams, Shirley K. Williams, and Automated Shrimp Corporation,
their agents, servants, employees, affiliates, any person or entity they
control, and any person acting in concert with them are hereby further
commanded to deposit into the registry of the 74th District Court of McLennan
County, Texas, all shares of Health Discovery Corporation now owned or held by
them, or any of them, whether as share certificates or in a “street name,” such
shares to be held in the registry of the Court until the judgment in Cause No.
2004-1188-3, pending in the 74th District Court of McLennan County, Texas,
becomes final and then subject to further order of the Court.

 

Costs of this appeal are assessed against Bill
G. Williams, Shirley K. Williams, and Automated Shrimp Corporation.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Reversed and
remanded with instructions

Opinion
delivered and filed August 25, 2004

[CV06]











[1]  The shares were also the subject of a 7 for 1
stock split, so that the numbers recited in the SEC filing must be multiplied
by 7.





[2]  On appeal, HDC concedes that the transactions
may be voidable.

 





[3]  HDC points to Dowdle v. Texas Am. Oil Corp., 503 S.W.2d 647 (Tex. Civ. App.—El
Paso 1973, no writ), for the proposition that a formal vote of the directors is
required.  It is undisputed that there
are no minutes of a meeting at which the directors approved the transactions in
question.

 





[4]  The defendants argue that HDC lacks standing
to maintain this cause of action and that federal law preempts state law in
this instance.  We reject both
contentions.

 





[5]  Although Williams testified it was a
“miscommunication,” some shares were sold while a temporary restraining order
was in effect.  By the time of the hearing,
they had sold approximately 2,000,000 shares, the equivalent of all the shares
they owned before the transaction in question plus approximately 700,000 of the
2,450,000 (350,000 times 7) received in this transaction.

 





[6]  Bill Williams’s testimony at the hearing
casts substantial doubt about his ability to pay a judgment for damages.

 





[7]   There are 260 shareholders of HDC other than
the four who received the shares in question. 
As a result of the 7 for 1 stock split, there were more than 18,000,000
shares outstanding when trading started on November 25, 2001. 
Of those, the four officers and directors had issued themselves
7,000,000.