

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00059-CV

_____


IN THE INTEREST OF J.M.F.L., A CHILD


On Appeal from the 304th District Court
Dallas County, Texas
Trial Court No. JC-19-01296-W


Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

On July 29, 2020, Appellant, Kyndall O'Neal, filed an Emergency Motion to Stay Enforcement of the Judgement and for Temporary Orders (Emergency Motion) pending a decision by the Court on her appeal from the trial court's final order. The Emergency Motion asks this Court to stay the enforcement of the final order, which declared Appellee, Antonio Fernando Figueiredo Lopes, parent of J.M.F.L. and ordered Appellant, the gestational mother of J.M.F.L., to immediately surrender the child to Appellee. The Emergency Motion also asks this Court to enter temporary orders requiring the child, J.M.F.L., to remain in the United States pending resolution of this appeal. A response to the Emergency Motion is pending.

Attached to the Emergency Motion is Appellant's Unsworn Declaration Under Penalty of Perjury (Declaration). The Declaration shows that Lopes plans to take J.M.F.L. to Portugal to live[1] and that Appellant would be financially unable to pursue her rights in Portugal if she prevails in this appeal. She asks this Court to require J.M.F.L to remain in the United States to preserve her rights pending this appeal.

We are authorized to issue writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Supp.). It is well settled "that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective." *Dawson v. First Nat'l Bank of Troup*, 417 S.W.2d 652, 653 (Tex. App.—Tyler 1967, orig. proceeding) (per curiam) (citing *City of Dallas v. Wright*, 36 S.W.2d 973, 976 (Tex. 1931)); *see In re Health*

---

[1] Appellee's attorney has represented to the Court that Appellee has possession of the child and that he may have traveled with the child to Portugal.

*Discovery Corp.*, 148 S.W.3d 163, 164–65 (Tex. App.—Waco 2004, orig. proceeding). In this case, it is necessary to enjoin Appellee from removing J.M.F.L. from the United States so that our decree will be effective if Appellant prevails in her appeal. Consequently, we are of the opinion that the Emergency Motion should be granted, in part, and that an injunction should issue enjoining Appellee from removing J.M.F.L. from the United States pending the resolution of this appeal or upon further order of this Court.

Now, therefore, it is ordered that Antonio Fernando Figueiredo Lopes is enjoined from removing J.M.F.L. from the jurisdiction of the United States of America pending the ruling of this Court on Appellant's appeal of the trial court's final order or upon further order of this Court. This writ is issued in accordance with Section 22.221(a) of the Texas Government Code to enforce and protect this Court's jurisdiction pending final disposition of the appeal of this case.

No bond is required of Appellant as a condition to the issuance of this injunction since it is issued under Section 22.221(a) to enforce and protect our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a); *Health Discovery*, 148 S.W.3d at 166.

We express no opinion on the merits of the pending appeal.

IT IS SO ORDERED.

BY THE COURT

Date: August 4, 2020