**GRANTED and Opinion Filed December 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00279-CV

### IN RE CHRIS CARTER AND KAREN PIERONI, Relators

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07054**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Evans
Opinion by Justice Myers

This original proceeding concerns the Confederate Monument that formerly stood in Pioneer Park Cemetery in Dallas. Chris Carter and Karen Pieroni seek a writ of injunction to prevent the City of Dallas and the Mayor and City Councilmen, from acting to disassemble, remove, demolish, or alter the Monument. At this time, the Monument has been dismantled and moved to a storage facility. We conclude that granting the writ of injunction is necessary to preserve our jurisdiction over Relators' pending interlocutory appeal. Accordingly, we grant the writ of injunction to the extent that we require the Real Parties in Interest to maintain the storage of the Monument and prohibit them from acting to dispose of or harm the Monument.

# BACKGROUND

In 2017, the City announced its plan to demolish and remove the Monument and to remove and sell a statue of Robert E. Lee. The City filed an application for a certificate of demolition of the Monument with the City Landmark Commission, which processes applications concerning historic districts and structures. The Landmark Commission approved the City's application and issued a certificate of demolition. Carter appealed the Landmark Commission's decision to the City Plan Commission, which affirmed the Landmark Commission's decision approving the City's application.

Relators then filed the underlying lawsuit in district court against the City and the Plan Commission. In the lawsuit, Relators appealed the Plan Commission's decision upholding the Landmark Commission's granting the certificate of demolition of the monument. Relators also alleged the City violated 42 U.S.C. § 1983 by violating Relators' First Amendment rights, and that the City violated the Texas Open Meetings Act, the Texas Antiquities Code, the Texas Citizens Participation Act (TCPA), and section 2166.5011 of the Government Code. Relators also sought a declaratory judgment that the City's application to the Landmark Commission and the certificate of demolition were issued without legal authority. Relators sought a temporary restraining order as well as mandamus and injunctive relief. The trial court denied Relators' application for a temporary injunction. The court dismissed Relators' claims under the Open Meetings Act, Government Code

section 2166.5011, the appeal of the Plan Commission's decision, and the suit for declaratory judgment for lack of standing. The court determined that Relators had abandoned their complaints under the First Amendment and the TCPA. The court also ruled that Relators' pleading alleging violation of the Antiquities Code did not establish their standing, but the court provided appellees the opportunity to replead that cause of action.

Relators then filed an interlocutory appeal of the trial court's grant of the plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). They also filed this original proceeding seeking an injunction barring the City from acting further toward the disassembly, demolition, alteration, or moving the Monument while the appeal is pending.

Before Relators filed their lawsuit, another lawsuit to stop the City from demolishing the Monument was proceeding. Warren Johnson, Katherine Gann, and an organization called Return Lee to Lee Park filed suit, *Return Lee to Lee Park v. Rawlings*, No. 05-19-00456-CV (Tex. App.—Dallas Dec. 28, 2020, no pet. h.), to stop the City from removing or damaging the Monument or the statue of Robert E. Lee. The trial court denied the plaintiffs' request for injunctive relief and dismissed the petition due to the plaintiffs' lack of standing and the defendants' immunity from suit. The plaintiffs appealed, and they filed an original proceeding, *In re Return Lee to Lee Park*, No. 05-19-00774-CV, requesting that we enter a writ of injunction barring the City from selling the statue or demolishing the Monument. *See In re*

*Return Lee to Lee Park*, No. 05-19-00774-CV, 2019 WL 5119437, at *1–2 (Tex. App.—Dallas Oct. 10, 2019, orig. proceeding) (mem. op.). However, by this time, the City had already sold the statue. *Id.* at *1. We concluded that the litigation concerning the statue was moot, but we determined an injunction was necessary to preserve our jurisdiction concerning the Monument. *Id.* at *1–2. We enjoined the City from altering, removing, or destroying the Monument pending final disposition of the appeal in *Return Lee to Lee Park v. Rawlings* or further order of the Court, and we ordered the relators to post a $50,000 bond. *Id.* at *2.

In June 2020, the City filed a motion to reconsider the injunction and asserted that the Monument was at risk of vandalism or destruction from public protests. The City requested permission to remove and store the Monument in a way that would not damage it or disturb the graves in the cemetery and that would permit its reassembly. We granted the motion to reconsider and lifted the stay to the extent that we allowed the City to disassemble and store the Monument, which the City did. We then ordered the $50,000 bond released to the relators.

In the case before us, we deferred ruling on Relators' petition for writ of injunction because an injunction was in place against the City concerning the Monument in *In re Return Lee to Lee Park*. Today, the Court issued the opinion and judgment in *Return Lee to Lee Park v. Rawlings* and lifted the injunction in *In re Return Lee to Lee Park*. Accordingly, we now rule on Relators' petition for writ of injunction.

–4–

## PRESERVATION OF JURISDICTION

The Texas Constitution provides that the courts of appeals have such appellate and original jurisdiction as prescribed by law. TEX. CONST. art. V, § 6. Under the Government Code, a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). Thus, a court of appeals may issue a writ to prevent an appeal from becoming moot. *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex.1992) (orig. proceeding); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding). Indeed, "[t]he power of the courts of appeals to protect their jurisdiction is essential for the orderly administration of justice." *Dallas Morning News*, 842 S.W.2d at 658.

The underlying interlocutory appeal is from the trial court's granting the City's plea to the jurisdiction and dismissing all but one of Relators' causes of action concerning the City's plans to remove and demolish the Monument. In *In re Return Lee to Lee Park*, we determined an injunction was necessary to preserve our jurisdiction concerning the underlying appeal involving the City's plan to remove the Monument. *In re Return Lee to Lee Park*, 2019 WL 511937, at *2. As we stated in that case, written before the Monument was disassembled and stored:

> The Monument was created in 1896 and has already been relocated once. There is no guarantee that the removal process will be seamless and without damage to the Monument, or that if it is ultimately returned to Pioneer Cemetery that it will be in the same condition as it is today.

–5–

> Although the requested relief regarding the Statue is moot, if this Court should conclude on the merits of the underlying appeal that the trial court erred and the Monument has already been moved, demolished, damaged, or sold this Court's judgment would be a nullity. Therefore, we conclude that an injunction should be granted to preserve our jurisdiction over the underlying appeal while we decide the merits.

*Id.* Likewise, in this case, if the City should sell or give away the Monument (the City sold the statue of Robert E. Lee), or demolish or damage it, then this Court's judgment would be a nullity. *See id.* Therefore, as we determined in *In re Return Lee to Lee Park*, an injunction should be granted to preserve our jurisdiction over the underlying appeal while we decide the merits. *Id.*

The City asserts that Relators should be required to post a bond of $50,000. That bond request was based on the City's expectation of the cost of removing the Monument and of guarding the Monument before its removal from vandalism and damage. However, the City made that assertion before it disassembled and stored the Monument. Following the disassembly and storage of the Monument, there is no evidence of costs the City is incurring because of the underlying lawsuit. In *In re Return Lee to Lee Park*, we released the security deposit to the relators after the City disassembled and stored the Monument. Likewise, in this case, the evidence does not show a bond is necessary to protect the City. Accordingly, we decline at this time to require Relators to post a bond. *See In re Health Discovery Corp.*, 148 S.W.3d 163, 166 (Tex. App.—Waco 2004, orig. proceeding) (bond not required for injunction under Government Code section 22.221(a)).

–6–

## CONCLUSION

We grant Relators' petition for injunctive relief, and we order the Real Parties in Interest to maintain the archival storage of the Monument and not to take any action to sell, give away, alter, damage, destroy, or otherwise dispose of or harm the Monument pending final disposition of the appeal in cause number 05-20-00190-CV or further order of this Court.

/Lana Myers/
LANA MYERS
JUSTICE

200279F.P05